CASE 9—PETITION EQUITY—MARCH 5.

## Perkins, &c v. McCarley, &c.

APPEAL FROM GARRARD CIRCUIT COURT.

1. VENUE OF ACTION.—An action under subsec. 2 of sec. 490, Civil Code, for the sale of land owned jointly by plaintiffs and defendants as devisees under a will, and for a distribution of the proceeds, upon the ground that the property could not be divided without materially impairing its value, was properly brought in the county in which the land was situated, although that was not the county in which the personal representative of the testator was qualified. The venue of such action is fixed by subsec. 3 of sec. 62, and not by sec. 66 of the Civil Code.
2. PROOF OF ALLEGATIONS AGAINST DEFENDANTS CONSTRUCTIVELY SERVED.—As the defendants were before the court only by constructive service, the court should have required proof of the allegation that the land could not be partitioned without materially impairing its value. But as the court had jurisdiction and the land has been sold, the purchaser can not now be disturbed.
3. AFFIDAVIT FOR WARNING ORDER.—It is sufficient to state in an affidavit for a warning order the postoffice address of the non-resident defendant without following literally the requirement of the Code that the affidavit shall state "the name of the place wherein a postoffice is kept nearest to the place where the defendant resides or may be found."

W. O. BRADLEY FOR APPELLANT.

1. The charge that the land was indivisible could not be taken as true against non-residents in the absence of evidence. (McFarland v. Garnett, 10 Ky. Law Rep., 91; Sears v. Henry, 13 Bush, 416; Civil Code, sec. 409; *Idem*, sec. 606, subsec. 3; *Idem*, sec. 574.) Friddle v. Kohn, 14 Ky. L. R., 312, distinguished.

2. An action for the sale of land belonging to the estate of a decedent and distribution of proceeds must be brought in the county where the will is probated. (Civil Code, sec. 66; Flint v. Spurr, 17 B. Mon. 513; Driskill v. Hanks, 18 B. Mon. 865; Walker v. Yowells, 14 Ky. Law Rep., 827;

3. The affidavits for warning orders were not sufficient. (Civil Code, sec. 58, subsecs. 2, 5; *Idem*, sec. 57, subdiv. 2; Arthurs v. Harlan, 78 Ky. 138.)

    In all proceedings upon constructive service the provisions of the Code regulating the same must be literally followed. (Brownfield, &c. v. Dyer, 7 Bush, 506; Grigsby v. Barr, 14 Bush, 330.)

ROBERT HARDING FOR APPELLEES.

1. The Garrard Circuit Court had jurisdiction to decree the sale. These were not actions for the settlement of a decedent's estate, but for the sale of indivisible real estate. (Civil Code, sec. 62, subsec. 4; *Idem*, sec. 490, subsec. 2.)

2. Both petitions allege the indivisibility of the land and are verified. But if the indivisibility of the land did not appear it could not affect the title of appellees. (Friddle, &c. v. Kohn, 14 Ky. L. R., 312.)

3. It sufficiently appears that all the parties were before the court.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

John Perkins, domiciled in Lincoln county, Ky., died testate, bequeathing to certain of his children a tract of land in Garrard county Ky., containing about one hundred and fifty acres. An action was instituted in the Garrard Circuit Court by part against the other devisees to sell the land and distribute the proceeds of the sale among the devisees for the reason, as alleged, that it would materially impair the value of the land to partition it among them.

The action is under sub-sec. 2, sec. 490, Civil Code.

The court ordered a sale of the property, and at the sale the appellee, J. McCarley, became the purchaser but transferred a half interest to Lawson. The defendants were all non-residents and were before the court by warning order.

After the sale and the payment of the purchase money to the commissioners of the court by the purchasers, and deed made, the appellant gave notice and entered a motion to have the judgment and various orders made in the action set aside.

The court overruled the motion and from that action of the court this appeal is prosecuted.

It is contended that as John Perkins' personal representative qualified in Lincoln county, the Garrard Circuit Court had no jurisdiction to order a sale of the land. If the Garrard Circuit Court was without jurisdiction then the order would be void and the purchasers would have acquired no rights under their purchase.

Certain sections of the Civil Code read as follows:

Sec. 62. "Actions must be brought in the county in which the subject of the action or some part thereof is situated.

\*        \*        \*        \*        \*        \*        \*

2. For the partition of real property except as is provided in sec. 66.

3. For the sale of real property under title 10, chapter 14, or under a mortgage, lien, or other encumbrance or charge, except for debts of a decedent."

Sec. 65. "An action to settle the estate of a deceased person must be brought in the county in which his personal representative was qualified."

Sec. 66. "An action for the distribution of the estate of a deceased person or for its partition among his heirs, or

for the sale, for payment of his debts, of property descended from or devised by him, must be brought in the county in which his personal representative was qualified."

This is not an action to settle a decedent's estate. It is alleged that the estate had been settled and all the real estate other than the tract of land sought to be sold had been disposed of by the devisees.

It is not an action to distribute the estate of the decedent. The clause in sec. 66 supra, relating to the distribution of the estate, has reference not to real but personal estate.

It is not an action to have property sold to pay the debts of the estate as contemplated by sec. 66, because it is alleged there are no debts against the estate.

The clause in the section providing for a partition of the estate has reference particularly to the realty belonging to the estate.

This is not an action seeking to have the realty partitioned as contemplated by the section, because it is alleged that it will materially impair its value to have it partitioned, hence they seek a sale of it.

The parties to the action were the owners of the land by virtue of the will of their ancestor. An action to sell the land and distribute the proceeds is not the equivalent of, or of the same nature as, an action to partition the land.

In the one case it is to convert the realty into personalty; in the other it is to retain it, but assign it in severalty to the owners.

The action being under sub-sec. 2, sec. 490, title 10, ch. 14, Civil Code, the venue is fixed by sub-sec. 3, sec. 62, Civil Code.

It was properly brought in the Garrard Circuit Court.

It is insisted that the court erred in not requiring the plaintiffs to prove the material allegations in the petition,

as the defendants were before the court on constructive service.

It was alleged that the land could not be partitioned without materially impairing its value, and we think the court should have required proof showing this to be true. But as the court, having jurisdiction in the matter, ordered the land sold, and it has been sold, the purchaser can not now be disturbed.

In the case of Friddle v. Kohn, 14 Ky. Law Rep., 312, in passing upon the question of the absence of evidence or the sufficiency thereof, and as to the rights of the purchaser of the land, this court said: "Conceding that the proof is wanting or not sufficient the title nevertheless passes to the purchaser."

The petition was verified substantially as required by the Civil Code, and the statements therein are that the defendants are non-residents of the State of Kentucky and absent therefrom. Their names and several postoffice addresses are given. It is claimed that to give the postoffice address of each defendant was not sufficient, but that there should have been a literal compliance with sub-section 2 of sec. 58, Civil Code, which reads as follows: "Nor shall the clerk make such order on any of the grounds mentioned in sub-sections 1, 2, and 4 of sec. 57, unless the affidavit also state in what country the defendant, * * resides or may be found, and the name of the place wherein a postoffice is kept nearest to the place where the defendant * * resides or may be found."

We are of the opinion that there was a substantial compliance with the Code. The evident purpose of the provision of the Code which required the statements as to where the defendant resides or may be found, and the name of the place wherein a postoffice is kept nearest to the place where he re-

sides or may be found, was that such information should be given that the attorney appointed to defend for him might be enabled to give him notice through the mail of the pendency of the suit, etc.

To give the defendant's postoffice address is to give more definite information as to how he can be reached by letter than to simply give the name of the place wherein a post-office is kept nearest to the place where the defendant resides or may be found. If the defendant receive his mail at a given place it necessarily follows that is the place where he resides or may be found.

Judgment affirmed.