CASE 95—ACTION FOR SALE AND PARTITION—January 24.

# Hogue, Etc. v. Yeager, Etc.

APPEAL FROM JEFFERSON . CIRCUIT COURT, CHANCERY DIVISION.

1. WARNING ORDER—ALTERNATIVE PLEADING.—Section 113, sub-section 4 of the Civil Code, authorizing alternative pleading is applicable to the allegations upon which a warning order is issued. Allegations, therefore, for a warning order against one who has been absent from the State thirty years with alternative allegations for a warning order against her unknown heirs, are sufficient to bring the parties before the court.

2. PROCEEDINGS AGAINST ABSENT DEFENDANTS—BOND.—The refunding bond required by sec. 410 of the Civil Code in proceedings against non-residents is not required in actions for a sale for partition of realty.

JAMES C. POSTON FOR APPELLANT. (AVRITT & POSTON AND W. S. HOGUE OF COUNSEL.)

1. The allegations of the amended answer and cross-petition of Katie Williams, &c., are sufficient to sustain the warning order issued thereon. Ky. Stats., sec. 1639; Foulks v. Rhea, 7 Bush, 568; Bank of Louisville v. Bd. of Trustees, 83 Ky., 230.

2. Allegations as to unknown heirs. Civil Code, sec. 57, sub-sec. 4.

3. Allegations for warning order may be made in the alternative. Civil Code, sec. 113, sub-sec. 4.

4. Section 410 of the Civil Code does not apply to this character of case.

5. The objections to the title are shadowy and unsubstantial. Hays v. Trimble, 3 B. Mon., 106.

GIBSON, MARSHALL & GIBSON FOR APPELLEES, SUBMITTED THE CASE WITHOUT BRIEF.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by Mrs. Hogue and her husband, as heir at law of her deceased father, George Yeager, to obtain a judgment for the sale of a tract of thirty-seven and one-half acres of land owned by him in his lifetime, and which at his death descended to his heirs at law, upon

the ground that the property could not be divided without materially impairing its value, or the value of the plaintiff's interest therein, under the provisions of section 490 of the Civil Code; all of the remaining heirs being made defendants thereto; the purpose of the suit being to divide the proceeds of the sale among those entitled thereto in accordance with their respective rights.

All of the heirs except Mrs. Mary Elizabeth Strange entered their appearance to the proceeding, and united in the prayer of the petition. She was proceeded against as a nonresident, and was before the court only by constructive service.

A judgment for the sale of the property was decreed by the chancellor, which decree was executed by the master commissioner, and the property sold; but, a motion to confirm this sale being made, it was resisted by the purchaser upon the grounds that neither Mrs. Mary Elizabeth Strange nor her heirs were properly before the court, and that neither the averments of the original petition as amended, nor of the cross petition, authorized warning orders against them, and that consequently they were void, and did not have the effect of bringing the parties warned before the court. These exceptions of the purchasers were sustained, and the sale set aside; and from this order appellants prosecute this appeal, insisting that all of the steps contemplated by the Code to bring the nonresidents properly before the court were taken.

In the amendment to the original petition, filed on the 22d day of May, 1897, it is alleged: "That Mary Elizabeth Yeager, daughter of the testator, George Yeager, deceased, after she left the State, some thirty years ago and over, intermarried with one William Strange, as plain-

tiffs are now advised; and they so charge that her right
name is Mary Elizabeth Strange, and that her husband's
name is William Strange. They make the said Mary Eliz-
abeth Strange and William Strange, her husband, parties
defendant hereto. They say that the said defendants,
William Strange and Mary Elizabeth Strange are non-
residents of the State of Kentuckyy, and are alleged to
be now absent therefrom, as they have been for twenty-
five or thirty years. They further allege that Chi-
cago, Illinois, was the last known place of resi-
dence of said defendants, William and Mary Eliz-
abeth Strange, and that the said city of Chicago,
Illinois, is now their post-office address, as far as plaintiffs
know, and the place and county where they may be found.
If they can not be found in Chicago, Illinois, these plain-
tiffs do not know where they may be found.

"Plaintiffs further allege, as they are now advised, that
the said defendants, Mary Elizabeth Strange and William
Strange, her husband, had a son, George Strange, who
is now over twenty-one years of age, and that he is the
sole heir and representative of said Mary Elizabeth
Strange, if she is dead. They therefore make him a de-
fendant hereto, and say that he is a nonresident of this
State, and alleged to be absent therefrom. They say that
he resides at Chicago, Illinois, so far as plaintiffs know;
that that is his post-office address, and the place and coun-
ty where he may be found. If he can not be found at Chi-
cago, Illinois, plaintiffs do not know where he may be
found. Neither plaintiffs nor any of the kin have ever
heard of the death of said George Strange, and they there-
fore allege that he is alive; but plaintiffs allege that, if he
be dead, then his heirs are unknown, and plaintiffs make

them parties hereto as unknown defendants. Their place of residence is also unknown, unless it be Chicago, Illinois.

"Plaintiffs further allege that they never heard of said Mary Elizabeth Strange having any other children than said George Strange, and have no knowledge or information of any other children. If there be any other children of her, then they are unknown heirs of said Mary Elizabeth Strange, if she be dead.

"These plaintiffs do not know whether the said William Strange is alive or dead, nor whether said Mary Elizabeth Yeager Strange is alive or dead. They have not been heard from for many years, viz. much more than seven years, by any of the family or kin. They make the said unknown heirs of said Mary Elizabeth Strange defendants and parties hereto. They (the plaintiffs) allege that the said unkown heirs are nonresidents of this State, and believed to be absent therefrom, and are alleged to be now absent therefrom, and that Chicago, Illinois, so far as plaintiffs know, is their post-office address, and the place and county where they may be found.

"Plaintiffs allege that said Mary Elizabeth Strange, as shown in the original petition herein, is entitled to a certain share and interest in the property or land involved, if she be living, and that the aforesaid heirs mentioned herein are entitled to said share or interest, if she be dead, and that the one or the other of said state of facts is true, but that the plaintiffs do not know which of them is true, and ask a warning order against said William Strange, Mary Elizabeth Strange, and George Strange, and the unknown heirs of Mary Elizabeth Strange and of George Strange, her son aforesaid, and the appointment of an attorney to defend for them."

Thereupon the clerk issued the following warning order:

"It appearing from the within affidavit that defendants, William Strange, Mary Elizabeth Strange, George Strange, and the unknown heirs of Mary Elizabeth Strange and of George Strange, are nonresidents of Kentucky, they are hereby warned to appear within sixty days from this date and defend the action herein; and John L. Woodbury, a practicing attorney of the Jefferson Circuit Court, is hereby appointed to correspond with and inform said defendants concerning the pendency and nature of this action."

The defendants, Katie Williams, J. P. Williams and Katherine Anderson, by leave of court, amended their original cross-petition, and alleged: "That the defendant, Mary Elizabeth Strange (formerly Yeager) and her husband, the said William Strange, formerly resided in this State and that they went from this State, and have remained continuously absent from this State for more than seven years last past, and before the filing of plaintiff's petition herein, and have not been heard of or from for more than seven years before the filing of the petition herein, by any of their friends or relatives or by any one, and that neither of them has been heard from since the filing of said petition, and that the legal presumption is that they are dead.

"They say, as a matter of fact, it is absolutely impossible for them to state as to whether said Mary Elizabeth Strange or William Strange is living or dead, but that each of them is either living or dead, and that one of these facts is true as to each of said defendants; but which one of them is true, these cross plaintiffs can not tell. They make said Mary Elizabeth Strange and William Strange parties defendant hereto,

and allege that they are both absent from this State, and are nonresidents of this State, and, if alive, reside and may be found in Chicago, Illinois, and that the name of the place where a post-office is kept nearest to the place where they reside or may be found is Chicago, Illinois.

"They further allege that George Strange is the son of said Mary Elizabeth Strange and said William Strange, and that, if said Mary Elizabeth Yeager Strange is dead, said George Strange is her sole surviving heir; that he is a nonresident of the State of Kentucky, and absent therefrom; that he resides and may be found in the city of Chicago, Illinois, which is his post-office address.

"They further say that, if Mary Elizabeth Strange be dead, she died intestate, and all of her interest in said land in these pleadings named descended to the said George Strange, subject to the life interest of her husband, William Strange, therein; and said George Strange is made defendant hereto. They further say that if said Mary Elizabeth Strange be dead, and if said George Strange is not her sole surviving heir, then they allege that they do not know the name or place of residence of any of the heirs of said Mary Elizabeth Strange, and that the names and place of residence of all of said heirs are unknown to them; and they make said unknown heirs parties defendant."

It is insisted that the Code does not authorize the making of a warning order upon an alternative statement of this character, and that the warning order issued by the clerk was void.

Subsection 2 of section 57 of the Civil Code provides for constructive service "if the defendant be a non-resident of this State and believed to be absent therefrom;" and subsection 7 provides, "If his name and place of residence be unknown to the plaintiff, the clerk

shall, subject to the provisions of section 58, make upon
the petition an order warning the defendant to defend
the action on the first day of the next term of court, which
does not commence within sixty days after the making
of the order."

And section 691 of the Code provides for an action
against a person whose name is unknown to the plaintiff.

Subsection 4 of section 113 provides that "a party may
allege, alternatively, the existence of one fact or another,
if he state that one of them is true, and that he does
not know which of them is true.

It seems to us that the averments of the affidavits are
sufficient to meet every possible contingency that might
arise to affect the title of the purchasers in this proceed-
ing. If Mrs. Strange is alive, she is unquestionably prop-
erly before the court. If it should turn out that she is
dead, then the steps pointed out by the Code of Practice
to bring her heirs before the court have been properly
taken. This is not a proceeding to forfeit the interest of
Mrs. Strange or her heirs. Neither she nor they are preju-
diced by the sale of this property, as it sold for a fair
price; and their interest in the proceeds should remain
in the hands of the court, and be made productive, subject
to further orders of the court.

No satisfactory reason has been suggested why subsec-
tion 4 of section 113 of the Civil Code does not
apply in this case, or why plaintiffs in a proceeding to
sell real estate owned jointly with non-residents may not
say, as a matter of fact, that it is impossible for them to
state whether such non-residents be dead or alive, and
that one of these facts is true, but they do not know which
is true.

The Code clearly authorizes the sale of real estate in-

susceptible of division, so held in either contingency, and points out the necessary mode of procedure to bring the parties in interest before the court, and in this case both provisions of the Code have been followed; and in either contingency the non-resident defendants were properly before the court.

Section 410 of the Civil Code, which requires the execution of a refunding bond before judgment against a defendant constructively summoned, and who has not appeared, does not apply to a proceeding of this kind for a sale of joint property. This is essentially a proceeding *in rem* for a division of real estate in the only mode pointed out by law. The plaintiffs acquire no interest in the proceeds of the property which belongs to the non-resident defendants. They only seek to reduce to possession their interest in the joint property.

For the reasons indicated, the judgment of the lower court sustaining the exceptions to the report of sale is reversed, and the cause remanded, with instructions to overrule the exceptions and confirm the sale, and for other proceedings consistent herewith.