CASE 69.—ACTION BY ROSS A. ADAMS AGAINST HELEN M.
DE DOMINQUES, ON EXCEPTIONS TO CONFIRMA-
TION OF A PARTITION SALE OF LAND.—Oct. 6.

# Adams v. De Dominques

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From a judgment overruling the exceptions, plain-
tiff appeals—Affirmed.

1. Partition—Sale—Estate in Possession.—Civ. Code Prac. section
   490, subsec. 2, authorizing a sale of a vested estate jointly
   owned by two or more persons, by order of a court of equity
   in an action by either of them, if the estate be in possession
   and the property cannot be divided without materially impair-
   ing its value, does not require the joint owners to be in actual
   possession, but only that the estate be a present and not a
   future one.
2. Infants — Action  Against — Guardian Ad Litem — Propriety of
   Appointment in Partition Suits.—Civ. Code Prac. section 38,
   subsec. 2, provides that a guardian ad litem may be appointed
   for an infant defendant, whether his guardian appears or not.
   By section 36, subsec. 3, no judgment can be rendered against
   an infant until the regular guardian or a guardian ad litem
   files an answer or a report as therein provided.   Section
   499 provides that the statutory guardian may defend for
   an infant, and if he fails to do so the court shall appoint a
   person for that purpose.   Held, in partition, where the guar-
   dian of an infant defendant was a plaintiff, that the court,
   upon affidavit filed, properly appointed a guardian ad litem
   for such infant; the appointment of a guardian in such case
   being within the court's discretion.
3. Same—Filing of Report of Guardian Ad Litem.—Under Civ.
   Code Prac. section 36, subsec. 3, providing that no judgment
   may be rendered against an infant until the regular guardian
   or a guardian ad litem files answer or a report that he is

Adams v. De Dominques.

unable to defend, judgment may be rendered when a proper report is made by the guardian ad litem.

4. Partition—Action Against Nonresidents—Necessity of Refunding Bond.—In partition between heirs, etc., to sell land, no bond to nonresident defendants was necessary before judgment under Civ. Code Prac. section 410, providing that before judgment is rendered against a defendant constructively summoned, and who has not appeared, a refunding bond shall be executed to such defendant, as plaintiffs have no interest in such defendant's share; allegations in the petition that an heir's interest was subject to her debts being only to enable the claims of all the parties against the land to be settled in one suit.

5. Same—Parties Defendant—Cross Petition—Nonjoinder—Effect on Sale.—Civ. Code Prac. section 411, provides that, if a bond is not given to nonresident defendants constructively summoned, but who do not appear, before judgment, as provided by section 410, the court may enter judgment ascertaining the rights of the parties, but shall retain control over the property or its proceeds until the expiration of the time allowed defendant to appear and defend, but it shall be delivered according to the judgment. In partition by heirs, etc., some of defendants constructively summoned were not before the court on a cross-petition of a mortgage of the property. Held, that the fact that such defendants were not before the court on the cross-petition did not invalidate the partition sale; the court having required the mortgagee to execute a bond before the proceeds were paid out.

6. Wills—Probate—Conclusiveness—Collateral Attack.—It will be conclusively presumed that the county court had proper evidence before it when it probated a will, and the probate is conclusive unless legally vacated; and hence the probated will of an ancestor was properly admitted in partition proceedings, though not properly authenticated.

7. Partition — Construction of Ancestor's Will — Effect on Purchasers' Title.—In partition by heirs for the sale of land, that the circuit court did not properly construe the will of an ancestor of one of the parties did not affect the title of the purchaser on partition sale; the heirs being before the court.

FORMAN & FORMAN for appellants.

POINTS AND AUTHORITIES.

1. As neither title nor possession of the property sought to be

Adams v. De Dominques.

sold in this action was alleged in the petition or amended petition under the authority of section 490 of the Civil Code this proceeding was insufficient to pass the title of the nonresident and infant defendants to this action.

2. It appearing in this record that Louise Parker, an infant defendant, had a statutory guardian the appointment of a guardian ad litem was irregular as the defense of the infant defendant should have been made by her statutory guardian. (McMakin v. Stratton, 82 Ky. 226; Walker v. Smyser's Executor, 80 Ky., 633; Miller v. Gabell, 81 Ky., 178; Hulsewede v. Charchman's Executrix, 111 Ky., 52.)

3. The failure of the plaintiffs to execute a bond to the nonresidents under section 410 of the Civil Code invalidates the sale.

4. The sale was ordered in this case on the 30th of June, 1908. So far as it was a creditor's action the necessity for the sale was not made apparent until the 13th of July 1908, the actual day upon which the sale took place. That is to say, the claims which were proven were not approved by the court until that time, and the order of sale was therefore premature.

5. The nonresident defendants were not before the court on the answer and cross-petition of the mortgagee, Covenant Lodge, at the time the sale was ordered.

6. The will of Anna L. Murphy construed by the circuit court in this case was not authenticated as required by the act of Congress, it having originally been admitted to probate in the state of California.

7. Even if the paper before the court as her last will be authentic the circuit court in effect held that the daughters of the testatrix took a fee in their mother's estate, whereas under the proper construction of same they only took a life estate, and there is no protection in the judgment and order of sale for the remaindermen mentioned in said will.

FALCONER & FALCONER and RIVES & SHANNON for appellees.

POINTS AND AUTHORITIES.

1. Title is alleged and proved. Possession is conclusively shown by facts disclosed in the record. That the petition did not use the word "possession" is not essential; the word "possession" is used in section 490 of the Civil Code as descriptive of the nature of the estate or its tenure and not as describing the peculiar situation in which the land itself might be with regard

to actual occupancy by others. (Ward v. Edge, 100 Ky. Law Rep., 771; May's Heirs v. Slaughter, 3 Mar., 508.)

2. It was the duty of the court to appoint a guardian ad litem for the infant defendant when the statutory guardian was a plaintiff sueing her ward though not in her fiduciary capacity. The guardian being incapacitated to defend for the infant, the appointment of a guardian ad litem was proper and fully protected the infant's rights. (Gardner v. Letcher, 16 Ky. Law Rep., 778; Civil Code, sec. 499, subsec. 2, secs. 52, 36, subsec. 1, sec. 38.)

3. This being a suit under sections 490 and 428 of the Civil Code the bond required by section 410 is not required. (Hogue, &c. v. Yeager, &c., 21 Ky. Law Rep., 1302.)

4. When the verified pleadings allege all the heirs at law and the proof taken further gives them, the presumption is that there are no others and the burden is on the purchaser to show that there are other heirs but he makes no attempt to do so. (Hogue v. Yeager, &c., 21 Ky. Law Rep., 1299.)

5. Authentication means such official attestation as will render an instrument admissable in evidence. The proper court must determine whether an instrument is sufficiently authenticated. The Fayette county court having determined this question and probated the will, the circuit court had no jurisdiction to question the propriety of the county court's order. Such an order is conclusive until superseded, reversed or annulled. (Am. & Eng. Ency. of Law, vol. 3, p. 516; Ky. Stats., 4854, 4852; Record pp. 51, 52; Whale nv. Nisbet, 95 Ky. Law Rep., 464; Morrison v. Fletcher, 27 Ky. Law Rep., 128; Geary v. Rumsey, et al., 30 Ky. Law Rep., 86.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Elizabeth Geohegan, who died about the year 1850, owning certain lots in Lexington, Ky., devised the property to four of her daughters and one son. The son conveyed his interest to the four daughters. One of the daughters died, and devised her fourth interest to Ellen White, one of the other three daughters, thus vesting in Ellen White one-half of the property and one-fourth each in her two sisters, Anna Murphy and Margaret Caulfield. Margaret Caulfield died

about the year 1896, Anna Murphy died in the year 1901, and Ellen White died in June, 1907. After Ellen White's death this suit was brought, by some of the devisees of Anna Murphy and some of the heirs at law of Ellen White against the hiers at law of Margaret Caulfield and the other devisees and heirs at law of the other two sisters, asking a sale of the property upon the ground that it was indivisible. It was also shown in the petition that the personal estate of Ellen White was insufficient to pay her debts and that she had executed a mortgage on her interest in the property for $4,000. The case was prepared for trial, and, being submitted, a judgment was entered for a sale of the property. The sale was had, and Ross Adams became the purchaser for the sum of $7,400. He filed exceptions to the confirmation of the sale. The court overruled the exceptions, and he appeals. The following grounds are relied on for reversal:

(1) Neither the title nor possession of the property sought to be sold was sufficiently alleged in the petition.

It is averred in the petition that Elizabeth Geohegan owned the property at her death. Her will is set out, and the various transfers; and it is alleged that each of her four daughters owned one-fourth of the property. The names of the heirs and devisees of the daughters are given, and, while it is not in words stated in the pleadings that the plaintiffs and defendants are in possession of the property, this fact is apparent from the allegations of the pleadings. Subsection 2 of section 490 of the Civil Code of Practice authorizes a sale of a vested estate in real property jointly owned by two or more persons, if the estate be in possession and the property cannot be divided

without materially impairing its value or the value of the plaintiff's interest therein. Under this section it is unnecessary for the petition to show that the property is in the possession of the plaintiffs. The Code requires that the sale may be made if the estate be in possession; that is, if the estate is not a reversion, or remainder, or the like. Ward v. Edge, 100 Ky. 771, 19 Ky. Law Rep. 59, 39 S. W. 440.

(2) Nellie Parker, one of the plaintiffs, was the statutory guardian for Louise Parker, one of the infant defendants. The court, upon affidavit filed, appointed a guardian ad litem for Louise Parker, and he filed his report in the regular form. It is insisted that there was no necessity for the appointment of a guardian ad litem.

By subsection 2 of section 38 of the Civil Code of Practice a guardian ad litem may be appointed by the court, whether the guardian appear for the defendant or not. The appointment of a guardian ad litem is a matter within the discretion of the court in such cases, where the guardian's interest may be adverse to his ward's; and it was eminently proper that the court should appoint a guardian ad litem in a case like this, where the infant's guardian was one of the plaintiffs in the suit. That this is the meaning of the Code is shown by subsection 2 of section 499; for there is the same necessity for the appointment of a guardian ad litem in actions for the sale of land as in actions for its division. By subsection 3 of section 36 no judgment may be rendered against the infant until the regular guardian or the guardian ad litem file answer or a report as therein provided. But there may be a judgment when the proper report is made by the guardian ad litem. See Gardner v. Letcher, 29 S. W. 868, 16 Ky. Law Rep. 778. A contrary rule

was not laid down in Walker v. Smyser's Ex'rs, 80 Ky. 633, 4 Ky. Law Rep. 662, or in Miller v. Cabell, 81 Ky. 178, 4 Ky. Law Rep. 962. The guardian was a plaintiff in the action, representing her own interest, and her own interest might not be in accord with the interest of her ward, who was one of the defendants to the action; and when she failed to make a defense for her ward the court very properly appointed a guardian ad litem that the interest of the infant might in no case suffer.

(3) No bond was executed to the nonresident defendants.

This was a proceeding to sell land for the division of the proceeds among the owners of the land. In such a proceeding it is unnecessary that a bond should be executed under section 410 of the Civil Code of Practice, to the nonresident defendants. Hogue v. Yeager, 107 Ky. 582, 54 S. W. 961, 21 Ky. Law Rep. 1299. So much of the petition as set out that Ellen White's interest was subject to her debts was only in aid of the main object of the suit, that the claims of all parties against the land might be settled in one action. These matters did not change the essential nature of the case in any way.

(4) Some of the parties were not before the court on the cross-petition.

If any of the defendants are not before the court on the cross-petition of the mortgagee, they must be brought before the court before any part of the proceeds are paid out; but the fact that they were not before the court on the cross-petition of the mortgagee in no wise affects the validity of the sale. The sale was made on the plaintiff's petition and amended petition. Were the rule otherwise the plaintiffs, in a case like this, might be indefinitely delayed by the

failure of the cross-plaintiffs, who had claims against other owners, to prepare their case. The court, under section 411, required the mortgagee to execute bond before any part of the proceeds were paid over to it. This was proper.

(5) Some of the heirs were not before the court.

The heirs of Sam Murphy are properly before the court; and, as shown by the proof, the parties before the court are the only ones who have any interest in the land.

(6) The will of Mrs. Murphy was not properly authenticated.

The will of Mrs. Murphy, which was probated originally in California, and then probated in Kentucky, in the Fayette county court, was properly admitted in evidence. It must be conclusively presumed that the Fayette county court had proper evidence before it when it admitted the paper to probate. The action of the Fayette county court is conclusive, unless vacated as provided by law. Morrison v. Fletcher, 119 Ky. 488, 84 S. W. 548, 27 Ky. Law Rep. 124.

(7) Her will was not properly construed.

Whether the circuit court decided correctly in determining that the daughters of Anna Murphy took a fee under her will does not concern the purchaser of the land. All the parties were before the court, and if the grandchildren are not satisfied with the judgment of the circuit court they can take an appeal; but the purchaser of the land will be protected in his title, although the court may err in its distribution of the proceeds.

Judgment affirmed.