## Ericson, et al. v. Martin, et al.

(Decided June 16, 1911.)

### Appeal from Shelby Circuit Court.

1. Judgment—Jurisdiction to Enter—In an action wherein the court had jurisdiction of the parties and of the subject matter, the judgment entered therein remains in full force and effect until it is reversed or annulled in the manner prescribed by law.

2. Sale of Land Under Section 490 of Civil Code—Section 490 of the Civil Code gives the Circuit Court jurisdiction to divide or sell land where the estate is vested and is in possession of several joint owners. If any portion of the estate is held in remainder, the statute does not apply and there is no jurisdiction to make the sale.

3. Same—Possession—Where the owner in fee of an undivided three-fourths' interest in a tract of land, who also owns a life-estate in the entire tract, brings a suit under section 490 of the Code against the owner of the remaining undivided one-fourth interest in remainder, for a sale of the land and a division of the proceeds, and the Circuit Court entered a judgment fixing the interest of the plaintiff as a fee in an undivided three-fourths interest, and the interest of the defendant as a fee in the remaining undivided one-fourth interest, it thereby eliminated the life-estate in the last named interest; and as the plain-

tiff is not objecting to that judgment, she will be held to have effectually parted with her life-interest in the defendant's one-fourth interest, and thereby vested the latter with the possession of her said interest.

P. J. BEARD and R. W. GILBERT for appellant, Lars Ericson.

T. B. ROBERTS for appellee.

O. T. KALTENBACHER and T. B. ROBERTS of Counsel for Mamie A. Martin.

WILLIS & TODD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

William Cook died testate in 1890 a resident of Shelby County. The fourth paragraph of his will reads as follows:

"I will and bequeath to my daughter, Espie Ethron Graves, and her bodily heirs, one-third of my estate, less one thousand ($1,000) dollars. I further will that the money arising from the sale of my estate shall be invested in a home for her and her bodily heirs and that the same shall be deeded to her and her bodily heirs, to be invested by my executor."

Following this direction of the will the executor bought a tract of 127 acres of land in 1894 from Magruder, who conveyed it to Espie Ethron Graves, who had married Martin after the death of her first husband, by a deed which contained the following habendum clause:

"To have and to hold said land forever unto said Espie Ethron Martin, and her bodily heirs, as is provided for in the will of William Cook, the father of said Espie E. Martin, with covenants of general warranty of title."

By her marriage to Graves, the appellee, Espie Ethron Martin, had one child, William L. Graves; by her marriage to Martin she had three children, James P., Fannie, and the appellant, Mamie E. Martin.

After the death of her children, William L. Graves and Fannie Martin, in their infancy, the appellee, Espie E. Martin, brought a suit in 1907 in the Shelby Circuit Court against her then living children, Mamie E. Martin and James P. Martin, in which she claimed that she owned the 127 acres in fee under her father's will; but if she was mistaken in this. she nevertheless owned an

undivided one-half thereof in fee simple, which she inherited from her infant children, William L. Graves and Fannie Martin. She asked the court to adjudge what interest she took in the land; and if it should be determined that she took jointly with her children, she asked that the lands be divided and her undivided one-half thereof be set aside to her, and the surviving children's one-half be allotted to them. By a judgment entered November 2, 1907, in that action, it was determined that Espie Ethron Martin did not take an absolute fee simple estate in said entire 127 acres, but that she, as sole heir of her two infant children, William L. Graves and Fannie Martin, had taken, and was the owner in fee simple of an undivided one-half of said tract of land, and the owner of a life-estate in all of it. On November 11, 1907, Mrs. Martin mortgaged her undivided one-half interest in said land which had thus been adjudged to her in fee simple, to the appellee, Emily C. Hunter, to secure a loan of $1,500. Subsequently, the infant son, James P. Martin, died without having married. In 1909, Mrs. Martin brought this action under section 490 of the Code, claiming to be the owner in fee and in possession of an undivided three-fourths interest of said land, against her daughter, the appellant, Mamie E. Martin, whom she alleged was the owner and in possession of one-fourth of said tract of land, subject to the life-estate of appellee. She further alleged that the land could not be divided without materially impairing its value, and the value of her interest therein; that she had become involved in debt which made it necessary that her portion of said land be sold to avoid litigation and costs; that she had no other means out of which to pay said debts except said land, and she asked the court to sell it for a division of the proceeds according to the rights of the parties. The appellant, Mamie E. Martin, appeared by her guardian ad litem and contested her mother's title to the land as set up in the petition, and under the judgment of November 2, 1907. Mrs. Hunter filed her answer and cross-petition, asserting her claim under said mortgage, and asked that an undivided one-half interest in said land be sold to pay her mortgage debt. By a judgment entered February 22, 1910, in this action, it was determined that Mrs. Martin was the owner in fee and vested with title to an undivided three-

fourths interest in said land, and that the appellant, Mamie E. Martin, was the owner in fee simple, with a vested estate, of an undivided one-fourth interest therein. It will be remembered that in the suit between Mrs. Martin and her daughter, Mamie E. Martin, in 1907, it had been adjudged that Mrs. Martin, in addition to her fee simple interest of an undivided one-half interest which she had inherited from her two infant children, owned a life-estate in the entire tract of land. While the departure of the judgment of 1910 in so far as it increases her fee simple title from an undivided half to an undivided three-fourths interest is explained by the death of her third infant child, James P. Martin in the meantime, there is no explanation in the record as to why the judgment of 1910 deprived her of her life-estate in the entire tract. The judgment properly protected Mrs. Hunter's mortgage lien. The property was sold to appellant, Ericson, for $7,668.37, for which he gave bond. No exceptions were filed to the sale and it was confirmed on May 25, 1910. At the September term of the court, in response to a rule issued against Ericson and his sureties to pay their purchase money, Ericson and the guardian ad litem for Mamie E. Martin moved the court to set aside the judgment and have all the previous proceedings declared void on the ground that the court was without jurisdiction to order the sale; and if that could not be done, they asked the court to take charge of the fund arising from the sale of the land and reinvest it in other property to be held as provided in the will of William Cook and the deed from Magruder. From an order overruling those motions the purchaser and the infant Mamie E. Martin, by her guardian ad' litem, prosecute this appeal.

By consent of the parties the papers, pleadings, orders and judgment in the first case, which was tried in 1907, were filed herein and made parts of the record of this case; and in the statement of appeal, it is said that an appeal is taken, not only from the judgment in this action, but also from the judgment rendered in the first action, on November 2, 1907. By an appeal from the judgment of 1907 appellants seek to review and annul the judgment which construed William Cook's will and fixed the respective interests of Mrs. Martin and her daughter in the land. Clearly, however, an appeal from that

judgment can not be prosecuted indirectly and in the manner here attempted. The record in that case is not before us. This record merely shows that copies of certain papers of that case were filed in this action as parts of this record; but that does not bring the judgment in the former action here for review, or present the record of that case in such a way that would enable appellants to prosecute an appeal thereon. The court had jurisdiction of the parties and of the subject matter in the suit of 1907, and the judgment entered therein remains in full force and effect until it shall have been reversed or annulled in the manner prescribed by law. And, as that has not been done, we must give it effect according to its terms. Moreover, the appellant, Mamie E. Martin, was not prejudiced by that judgment.

Section 490 of the Civil Code of Practice, reads as follows:

"A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant:

"1. If the share of each owner be worth less than one hundred dollars.

"2. If the estate be in possession and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein."

It will be noticed that subsection 2 gives the court jurisdiction to divide or sell land where the estate is vested and is in possession of the several joint owners. If any portion of the estate is held in remainder, the statute does not apply, and there is no jurisdiction to make the sale. Malone v. Conn, 95 Ky., 293; Swearingen v. Abbott, 99 Ky., 274; Ward v. Edge, 100 Ky., 171; Atherton v. Warren, 120 Ky., 152; Adams v. DeDominques, 129 Ky., 604.

In order, therefore, for the court to have had jurisdiction to sell this land under section 490 of the Code, it was necessary for Mrs. Martin to surrender or convey to her daughter the life-estate which Mrs. Martin held in the one-fourth interest in remainder owned by her daughter, Mamie E. Martin, so as to place that estate in the possession of the daughter. There is no formal deed of

release or conveyance in this record from Mrs. Martin to her daughter; but the action is brought by Mrs. Martin asking a sale of the land and a division of the proceeds, as though there had been such a release by her, and the judgment specifically declares that she is the owner in fee and vested with the undivided three-fourths interest in said property, and that her daughter, Mamie, is the owner in fee, with a vested estate in the remaining undivided one-quarter interest therein. Mrs. Martin has not appealed from that judgment; on the contrary, she insists that it is right; and, under this state of the record, we hold that she has effectually parted with her life-estate in her daughter's fourth interest, and thereby vested her daughter with the possession of her estate in the land described in the judgment. This satisfied the provisisons of section 490 of the Code, and gave the court jurisdiction to make the sale; and, having jurisdiction, the proceedings and sale were sufficient to pass the title to Ericson, the purchaser.

The judgment of the circuit court is affirmed.