### Boreing, et al. v. Melcon, et al.

(Decided May 14, 1914.)

#### Appeal from Harlan Circuit Court.

Venue—Actions Relating to Real Property.—An action brought by part against the other devisees seeking a sale and division of the proceeds of sale of lands devised under the will, must be brought in the county where the personal representative qualified; such action being merely a form of partition, and controlled by Section 66 of the Civil Code.

CLAY & CARTER for appellants.

C. C. WILLIAMS, H. J. JOHNSON for appellees.

J. S. FORESTER, Guardian ad litem for infant appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

In 1903 Vincent Boreing died testate, domiciled in Laurel County; and his will was probated, and administrators with the will annexed were appointed and qualified therein.

On May 26, 1913, John R. Boreing, one of the children of Vincent Boreing and a devisee under his will, instituted this action in the Harlan Circuit Court against the other devisees under the will, seeking a sale and division of the proceeds of sale of two certain tracts of land in Harlan County, devised to them by the will of

Vincent Boreing, which lands, it is conceded, are indivisible.

The guardian ad litem for two of the defendants, by an answer filed for them, questioned the jurisdiction of the Harlan Circuit Court to sell the second tract described in the petition and sought to be sold in this action, for the reason that on May 5, 1913, an action had been instituted in the Laurel Circuit Court by part of the devisees under said will against the other devisees thereunder, seeking the sale and division of the proceeds of the sale of a number of tracts of land situated in eight different counties, among said tracts being the second tract sought to be sold in this action in the Harlan Circuit Court.

Upon a trial, the chancellor adjudged a sale of the first tract in the petition described; but declined to order a sale of the second tract which was included in the action instituted in the Laurel Circuit Court; and from that part of the judgment denying a sale of the second tract, the plaintiffs appeal.

1. This action is brought under sub-section 2 of section 490 of the Civil Code, which permits the sale of real property jointly owned by two or more persons, in an action brought by either, though the plaintiff or defendant be of unsound mind or an infant, where the estate is in possession, and cannot be divided without materially impairing the value thereof, or the value of the plaintiff's interest therein.

And, had the joint owners of the land herein sought to be sold derived their title in some manner other than as heirs or devisees of a deceased person, the venue of the action would undoubtedly be governed and controlled by sub-section 3 of section 62 of the Civil Code, which provides that actions for the sale of real property under title 10, chapter 14 of the Civil Code (of which title and chapter section 490 is a part) must be brought in the county in which the subject of the action or some part thereof is situated.

But, this is an action brought by part against the other devisees under the will, to sell the real estate devised under the will and divide the proceeds thereof among said devisees, upon the ground that partition by allotment in kind cannot be had because the property is indivisible. In other words, it is what might be termed an action for partition, but for partition by sale rather than allotment in kind.

An action for the partition of the real estate of a deceased person, under section 66 of the Civil Code, must be brought in the county in which the personal representative qualified. This, of course, refers to allotment in kind. And, if to obtain an allotment in kind of the real estate of a deceased person, the action therefor must be instituted in the county where the personal representative qualified, then an action to partition it by a sale and division of the proceeds of sale, upon the ground that the property is indivisible, must also be brought in the county where the personal representative qualified. To hold otherwise would be to say that if a tract of land so owned were divisible, the action must be brought where the personal representative qualified; but if not divisible, then the action must be brought in the county where the land is situated. Such is manifestly not the intent of the provisions of the Civil Code.

Nor do we consider the conclusion herein arrived at as being in conflict with Perkins v. McCarley, 97 Ky., 43, cited by appellant. In that case, the testator died in Lincoln County; his administrator qualified therein, and his estate was settled and all of the real property disposed of by the devisees, except one tract of land situated in Garrard County. Thereafter, an action was instituted in the Garrard Circuit Court by part against the other joint owners of that tract of land to sell it and divide the proceeds among them, it being alleged that to partition it would materially impair its value. The court held that such action could be brought in Garrard County, as if the joint owners had not derived title under a will.

The case of Phalan v. Louisville Safety Vault & Trust Company, 88 Ky., 24, is practically on all fours with the case at bar. In that case, suit was instituted in the Louisville Chancery Court by part against the other heirs of one Sutfield, seeking the sale of lands owned jointly by them in Louisville, and in Henry, Oldham and Hardin counties. The court said:

"The only question is, had the Chancery Court of Louisville jurisdiction of the entire realty with the power to sell the land in Henry County, a part being in Oldham. We think the subject of the action was the division of the proceeds of the land between the heirs upon the ground that no allotment in kind could be made without impairing the value of each interest; that no step could have been taken in but one jurisdiction so

as to give complete relief; in that jurisdiction the ancestor died, the children all lived, and much of the real estate was located. It was the jurisdiction to order the partition, and none other could have made the allotment. If so, we perceive no reason why the petition was not properly filed in the Louisville Chancery Court, setting forth the fact that no division could be made without impairing the value of the property, and asking a sale for reinvestment. The Code provides concerning real property that 'actions must be brought in the county in which the subject of the action or some part thereof is situated.' Now the subject of the action here is the partition of the land or its proceeds between these heirs, or rather a sale, as no division could be had without impairing the value of each child's interest, a part of the subject of the action being within the jurisdiction in which the relief is sought by the plaintiff against others equally interested. The jurisdiction was properly entertained; and it was not necessary for this guardian to have instituted separate suits in Hardin, Henry and Jefferson counties, alleging the same state of facts in order to a division of the estate.''

We think this the correct rule. A sale and division of the proceeds of sale, being merely a form of partition, and permissible when allotment in kind would result in impairing the value of the shares, where the parties claim as devisees, the action for sale and division of the proceeds of sale of property so owned, is governed by the same provision as to venue as an action for allotment in kind.

The Laurel circuit Court, therefore, has exclusive jurisdiction of actions to sell the lands devised by Vincent Boreing and to divide the proceeds of such sales among the devisees; and the chancellor, in the case at bar, in the Harlan Circuit Court, properly declined to order a sale of the second tract in the petition described.

The Harlan Circuit Court had no jurisdiction to sell the first tract, but there was no plea to the jurisdiction of the court in respect to that tract; and only the plaintiff appeals from the judgment.

Hence, the judgment is affirmed.