# Grausz v. Conley et al.

(Decided March 13, 1934.)

JOHN A. DEAN, Jr., for appellant.

T. F. BIRKHEAD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Urath Wilkinson, a widow, died intestate a resident of Floyd county, Ind., on January 12, 1930, survived by four children, Urath Wilkinson Conley, M. Beatrice Wilkinson Cottrell, Fayette H. Wilkinson, and Odie Wilkinson Wright, and a grandson, Charles W. Coots, son of a deceased daughter. At the time of her death she owned an undivided one-half interest in a house and lot on Cedar street in Owensboro, and a life interest in the other one-half, with remainder to her children and grandson.

Mrs. Conley and her husband brought this suit against the other heirs and owners asking a sale of the property to pay Mrs. Wilkinson's debts, and on the further ground of indivisibility. Some of the defendants were nonresidents, and were proceeded against by warning order. Two sales were had, which were set aside. At the last sale Estella Grausz became the purchaser at the price of $1,527. The purchaser failed and refused to execute bond for the purchase price, and in answer to a rule to show cause she filed numerous exceptions to the report of sale and also moved to set aside the order of sale on several grounds. Her response was deemed insufficient, and she was ordered to execute a bond for the purchase price. She appeals.

During the progress of the action Mrs. Wilkinson's grandson, Charles W. Coots, died testate, a resident of Harris county, Tex. By his will, which was duly probated in the county court of Harris county, Tex., he devised and bequeathed all of his property to his fiancee, Mabel Chaney, and appointed H. H. Neeld as executor. Thereafter Miss Chaney and H. H. Neeld, who had qualified as executor, entered their appearance to this action, and united in the prayer of the petition for a sale of the property. After the judgment of sale, a copy of the probate proceedings of the Harris county court, including the evidence on which the will was probated, properly certified, was filed and recorded in the county court of Daviess county, Ky., where the property is located, and the recording of the will was approved and ratified by the court.

The principal ground of attack on the judgment of

sale is the claim that Charles W. Coots left a widow and infant son, whose whereabouts were unknown, and who were never made parties to the action. In answer to this objection, appellees insist that as Charles W. Coots devised the property to Mabel Chaney, his alleged widow and infant child have no interest in the property. In answer to this argument appellant takes the position that the evidence heard in the Texas court was not sufficient to authorize the Daviess county court to probate the will. On this point the argument is as follows: Before an authenticated copy of the will of a nonresident may be admitted to probate in this state as a will of real estate, it must appear from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of land in this state. Section 4854, Kentucky Statutes. Under our statute a will not wholly in the handwriting of the testator must be subscribed or acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will in the presence of the testator. Section 4828, Kentucky Statutes. The evidence heard by the county court of Harris county, Tex., on the probate of the will in question, merely shows that the will was subscribed or acknowledged by the testator in the presence of only one subscribing witness, and does not show that it was either subscribed or acknowledged by him in the presence of at least two credible witnesses. The evidence is as follows:

"On this the 12th day of March, A. D. 1930, personally, appeared in open court, John B. York, who being duly sworn, deposes and says: That on the 14th day of Feb. A. D. 1930, he was present and saw Charles W. Coots, sign the instrument filed in the Court, on the 25th day of February A. D. 1930, and now shown to him bearing date on the 14th day of Feb. A. D. 1930, and purporting to be the last will of him the said Charles W. Coots, and heard him publish and declare the same to be his last will and testament; that at the time of so signing and publishing the same the said Charles W. Coots, was over twenty-one [21] years of age and was perfectly rational, entirely sane and of a sound mind; that this affiant and W. M. Hansen, whose signature appears on this instrument on said 14th day of Feb. A. D. 1930, then being credible witnesses above the age of fourteen [14] years, subscribed

their names as witnesses to the same, in the presence and at the request of said testator, and in the presence of each other.''

The test is whether the foregoing evidence is sufficient to have authorized the probate of the will in the first instance in the county court of Daviess county? Williams v. Jones, 14 Bush, 418; Northcutt v. Patterson, 233 Ky. 23, 24 S. W. (2d) 902. A substantial, rather than a literal, compliance with the statute is all that is required. Porter v. Ford, 82 Ky. 191. The subscription and attestation of a will, though required by statute to be by two witnesses, may be proved by one of them. Overall v. Overall, 16 Ky. (Litt. Sel. Cas.) 501; Griffith's Ex'r v. Griffith, 5 B. Mon. 511; Hall v. Sims, 2 J. J. Marsh. 509. While the attesting witness, York, did not say in so many words that the testator signed or acknowledged the will in the presence of W. M. Hansen, the other attesting witness, it is but a fair inference from his evidence that both he and Hansen were present when the testator declared that instrument to be his last will and testament. Not only so, but in the early case of Tudor v. Tudor, 17 B. Mon. 383, we ruled that it is not indispensable that the witnesses shall be able to swear that the testator acknowledged the will in their presence, but that the acknowledgment may be implied from the testator's request that the witnesses attest the instrument, and the rule was followed and reaffirmed in the more recent case of Reed v. Hendrix's Ex'r, 180 Ky. 57, 201 S. W. 482, L. R. A. 1918E, 423. The evidence of the witness York shows that he and Hansen, the other attesting witness, subscribed their names to the will ''in the presence and at the request of said testator.'' Under the above rule the evidence was sufficient to show that the testator acknowledged the will in the presence of two witnesses. As the will was properly probated in Daviess county, and the testator devised all his property to Mabel Chaney, it necessarily results that the alleged widow and son of the testator have no interest in the property, and that it was not necessary to make them parties to the suit.

Another contention is that the judgment of sale is void on the ground that no bond was executed to the nonresidents, who did not appear in the action as required by section 410, Civil Code of Practice. There are two answers to this contention. In the first place, the failure to execute bond to a nonresident, even in

those cases where bond is required, does not affect the title of the purchaser or afford him ground for setting aside the sale, or resisting its confirmation. Carpenter v. Julian, 180 Ky. 580, 203 S. W. 323; Huffman v. Bowles, 222 Ky. 339, 300 S. W. 881. In the next place section 410, Civil Code of Practice, does not apply to a proceeding to sell land for a divison of the proceeds among the joint owners. The reason for the rule is that the joint owners who bring the suit seek only to reduce to possession their interest in the joint property, and acquire no interest in the proceeds of the property belonging to the nonresident defendants. Hogue v. Yeager, 107 Ky. 582, 54 S. W. 961, 21 Ky. Law Rep. 1299; Adams v. De Dominques, 129 Ky. 599, 112 S. W. 663. The main object of this action was to sell the land and divide the proceeds, and so much thereof as sought a sale to pay the debts of Mrs. Wilkinson, from whom one-half of the land descended, was merely in aid of that object, and did not change the essential nature of the case so as to require a bond to the nonresident defendants. Adams v. De Dominques, supra.

Another ground of attack on the judgment of sale is that the allegations of the various petitions were not proven against the nonresidents as required by subsection 3, sec. 126, Civil Code of Practice. The court had jurisdiction to sell the property on the ground of indivisibility, regardless of whether there was sufficient proof to show Mrs. Wilkinson did not have enough personal property to pay her debts. The requirement that allegations against an infant be proved is no less imperative, subsection 1, sec. 126, Civil Code of Practice, and yet we have held in numerous cases that the failure to prove indivisibility of the land sought to be sold was not even ground for reversal at the instance of an infant joint owner, where it clearly appeared from the record that it was practically impossible to divide the land in kind so as to give to each joint owner his proportionate part. Bond v. Dean, 223 Ky. 713, 4 S. W. (2d) 721; Pollard v. Hamilton, 179 Ky. 284, 200 S. W. 621; Tichenor v. Rock, 140 Ky. 86, 130 S. W. 989; Scott v. Graves, 153 Ky. 221, 154 S. W. 1084. Here the property sold was a house and a lot 46 by 122 feet. In the very nature of things it could not be divided among the five owners without impairing its value, or the value of their interests therein. Aside from this, it is the established rule that even where proof of indivisibility is

wanting as against nonresident owners, the purchaser nevertheless acquires title to the property, and is not in a position to complain. Perkins v. McCarley, 97 Ky. 43, 29 S. W. 867, 16 Ky. Law Rep. 801. It follows that the court did not err in overruling appellant's exceptions, and requiring her to execute bond for the property.

Judgment affirmed.