CASE 77—PROCEEDINGS BY JOHN SCHMIDT, EXR., ETC. AGAINST JOE
    HIEATT AND OTHERS FOR A JUDICIAL SALE OF INFANT'S REAL ES-
    TATE.—FEB. 3.

# Hieatt, &c. v. Schmidt.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION NO. 1.—
    SHACKELFORD MILLER, JUDGE.

FROM THE JUDGMENT CONFIRMING THE SALE, HIEATT AND OTHERS
    APPEAL.  AFFIRMED.

JUDICIAL SALES—WAIVER OF ADVERTISEMENT IN NEWSPAPER—CONSENT
    OF INFANTS—VALIDITY.

Under Kentucky Statutes 1903, section 14a, providing that judicial
    sales shall, "unless otherwise agreed upon by the parties," be
    advertised in a newspaper, an infant party to proceedings for
    the sale of real estate of which such infant is part owner may,
    with the chancellor's approval, consent, through his statutory
    guardian, to a sale without newspaper advertisement.

LEOPOLD & PENNEBAKER, FOR APPELLANTS.

### POINTS AND AUTHORITIES.

1. An infant can not, either by statutory guardian or by at-
torney, waive a statutory requirement.  Meddis & Southwick
v. Fenley, 17 Ky. Law Rep.; Gay v. City of Louisville, 93 Ky.,
349; Elliott v. Fowler, &c., 65 S. W. R., 849, 23 Ky. Law Rep.,
1676.

2. Advertising a sale of real estate in a newspaper of general
circulation is a material incident in contemplation of law.  Rea-
gan v. Duddy, 78 S. W. R., 430, 25 Ky. Law Rep., 1664.

B. F. GARDNER, FOR APPELLEE.
    (No brief in the record.)

OPINION BY JUDGE SETTLE—AFFIRMING.

The sole question presented for our consideration by the
record in this case is:  Can an infant party to an action
brought to obtain a decree for the sale of real estate, of

which such infant is part owner, with the chancellor's approval, consent, through his statutory guardian, to a sale thereof without the newspaper advertisement required by section 14a, Kentucky Statutes, 1903? The section supra contains the following provision: "That in addition to the notices now required by law to be posted, all public sales of any kind of property, when sold under execution, judgment or decree, shall unless otherwise agreed upon by the parties, to such execution, judgment or decree, be advertised in some newspaper published in the county of such sale." The decree of sale in this case states: "By consent it is further adjudged that no advertisement of said sale shall be made as required under and pursuant to section 14a, Kentucky Statutes." The infant, Henrietta Collier, and her statutory guardian were plaintiffs, and as much interested in obtaining a sale of the land as were the adult plaintiffs, joint owners with her of the property, and it is to be presumed that she and they were equally benefited by its sale. The language of the statute in question indicates that the Legislature had in contemplation the fact that cases might arise in which it would not be beneficial to the parties, whether infants or adults, to be put to the expense of the newspaper advertisement, for which reason the provision allowing such advertisement, by consent of parties, to be dispensed with, was inserted in the statute. It could not, we think, have been contemplated by the Legislature that an infant may not, by agreement of his guardian and the sanction of a court of equity, avail himself of the provision of the statute in question when it would be beneficial to him to do so. Such a construction of the statute would deprive infants of equal protection under it, and confine its beneficent operation to adults alone. Neither would this construction extend the benefits of that provision of the statute to all adults, for those of that class owning real es-

tate in which an infant has a joint interest would be excluded from its operation because of that fact. Should adult parties to an action, like those in this case (both plaintiffs and defendants), be denied the right conferred by statute to dispense with the newspaper advertisement because an infant happens to be a party to the action; and especially where the infant and her statutory guardian are plaintiffs, and the latter, by and with the approval of the chancellor, elects for the infant to join with the other parties in interest to dispense with the newspaper advertisement? We think not. Obviously, it must have been the opinion of the parties to this action, and of the chancellor as well, that the posting of the written or printed notices in conformity to the requirements of the judgment would afford sufficient advertisement of the property to be sold, and it does not appear from the record that the sale was not attended by the usual number of people and bidders, or that the property sold for less than its fair market value. We are of the opinion that the word "parties" in the section supra includes infants as well as adults. While an infant can not personally enter into a binding agreement, or waive a legal right, he or his estate may for many purposes be bound by the act of another having authority to represent him, and especially is this true if the thing done be advantageous to the infant. In this case the agreement to dispense with the newspaper advertisement was made for the infant by the statutory guardian, the agreement was beneficial to the infant, and was sanctioned by the court, evidence of all of which is sufficiently shown by the approval of the guardian and infant's attorney indorsed upon the order and by the recitals of the judgment. A court of chancery has power to elect for an infant, in a case properly brought before it, to affirm or disaffirm the transaction to which the infant is a party. Am. & Eng. Ency. of Law, vol.

10, p. 659.  In Kentucky Union Land Company v. Elliott, 15 S. W., 518, 12 Ky. Law Rep., 812, it was held that, although a judgment under which certain lands in which infants owned an interest had been partitioned was void, and would have to be reversed, because the infants were not served with summons, yet if, following such reversal, the infants were brought before the court, and it should appear that the partition made under the void judgment was equal and just, the guardian of the infants might in open court adopt the report. Kingsbury v. Buckner, 134 U. S., 681, 10 Sup. Ct., 638, 33 L. Ed., 1047; Andrews v. Hall, 15 Ala., 85; Rainey v. Chambers, 56 Tex., 17.  We are clearly of opinion that the guardina of the infant appellee Henrietta Collier had the right, with the approval of the chancellor, to make, as he did for her, the election authorized by the statute; consequently the agreement of the parties to dispense with the newspaper advertisement of the sale of the real estate in controversy was and is binding upon her.

The authorities relied on by counsel for appellant do not conflict with the views herein expressed.  While they illustrate the zeal of this court in protecting the rights of infants, it will be found that they are cases in which the lower court was without jurisdiction to act upon the infant's rights, or there was an attempt either by the infant himself or some one assuming to act for him to illegally bind his estate or waive his property or other rights in a manner forbidden by law.

It follows from the foregoing conclusions that the chancellor did not err in overruling the purchaser's exceptions to the report of sale, or in confirming the sale.

Wherefore the judgment is affirmed.