## Tichenor v. Rock, et al.

(Decided September 29, 1910.)

### Appeal from Ohio Circuit Court.

Judicial Sales—Infants' Land—Failure to Appoint Guardian Ad Litem—Absence of Evidence.—In obtaining a judgment of sale for division of the proceeds among the owners of 90 acres of farming land, one-seventh belonging to two infants jointly, and six-sevenths to Mattie Rock, the whole tract appraised. at $500.00 and at the sale brought $150.00, to which exceptions were filed. Held (1), that while it is the better practice to file the affidavit required by section 38 of the Code, prior to the appointment of a guardian ad litem, showing that the infant defendants had no guardian residing in the state, the failure so to do is not a reversible error. (2) As the whole tract contains only 90 acres and appellant's interest therein is one-fourteenth, it was not necessary to introduce evidence to show that the land was indivisible without materially impairing its value.

G. B. LIKENS and Y. L. MOSELEY, for appellant.

GLENN & SIMMERMAN, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

This is an action instituted to obtain a judgment of sale for division among the owners of ninety acres of farming land in Ohio county, Kentucky. The land in question belonged to John L. Rock and was a part of his estate when he died, intestate, in 1903. The land descended to his seven children and their descendants The plaintiff, Mattie Rock, acquired by purchase from her brothers and sisters six-sevenths of the land. The remaining one-seventh belongs to Noel Tichenor and

Elvis Tichenor, who are infants and are the children of Laura Tichenor (nee Rock), now deceased. The land is alleged in the petition to be worth four hundred dollars, and was appraised prior to the sale at five hundred dollars. At the sale under the judgment the property brought one hundred and fifty dollars. From the judgment ordering the sale the appellant, Elvis Tichenor, has appealed within one year next after having arrived at his majority.

This action can not be maintained under subsection 1 of section 490 of the Code, because the plaintiff, Mattie Rock, having acquired six-sevenths by purchase, her share exceeds in value one hundred dollars, and while appellant's is worth less than one hundred dollars, subsection 1 only authorizes a sale for division if the share of each owner is worth less than one hundred dollars. Berry v. Lewis, 26 Ky. Law Rep. 530.

The first question raised by appellant is that the judgment is erroneous because no affidavit was filed prior to the appointment of the guardian ad litem showing that the infant defendants did not have a guardian residing in this state. In the case of Downing v. Thompson's Executor, 28 Ky. Law Rep. 1182, we held that, while it was better practice to file the affidavit as required by section 38 of the Code, the failure to do so is not a reversible error, unless it also appears that the interest of the infant has been sacrificed in the procedure.

The second error urged by appellant is that no evidence was taken to show that the land was indivisible without materially impairing its value. As the whole tract of land contains only ninety acres, and appellant's interest in the tract is one-fourteenth, it will be presumed that his interest could not be set aside to him without materially impairing its value.

Appellant also complains that no bond was executed prior to the sale, as provided in section 493 of the Code; but it will be observed that section 497 is excepted from the provision of section 493, and section 497 provides: "In the action mentioned in subsection 2 of section 490, the share of an infant, or of a person of unsound mind, shall not be paid by the purchaser; but shall remain a lien on the land bearing interest until the infant become of age, or the person of unsound mind become of sound mind, or until the guardian of the infant, or the committee of the person of unsound mind, execute bond as required by section 493." Appellant's interest, there-

fore, remained a lien upon the land until his guardian executed bond as required by section 493, and when this was done appellant's interest was fully protected.

We think the service of summons on the infant was a substantial compliance with the statute and properly brought appellant before the court.

We are not able to say, in the absence of any evidence establishing the fact, that the property was sacrificed by the sale for one hundred and fifty dollars.     It is true, the petition alleged the value to be four hundred dollars, and the appraisers fixed it at five hundred dollars, but these figures may have been too high, and when the land was sold at judicial sale for one hundred and fifty dollars, we do not feel warranted, in the absence of evidence, in saying that it sold for less than its real value.   If the land was sacrificed at the judicial sale, it would have been easy for appellant to show the fact.

Appellant's interest in this case is very small, and it is to the interest of all parties   that the little estate should not be frittered away in court costs.

Judgment affirmed.