## Finney, et al. v. Finney, et al.

(Decided June 9, 1911.)

### Appeal from Shelby Circuit Court.

1. Lands—Action by Joint Owners to Sell—Consent by Infant Wife to Sale—Failure to Advertise Sale in Newspaper—Proof as to Indivisibility—Following a sale of land under section 490, Civil Code, at the suit of the joint owners, exceptions were filed to the

report of sale by the purchasers,and also the infant wife of one of the joint owners, the latter being a defendant and duly summoned in the action and having by answer consented to its sale, and the land having brought $3,560 more than its appraised value, Held, that the exceptions were properly overruled. The validity neither of the judgment nor sale was affected by the failure of the commissioner to advertise the sale in a newspaper, such advertisement having, as recited in the judgment, been waived by the parties to the action, and the consent of the infant given with the approval of the court.

2. Same—Neither the failure of the court to take proof as to the indivisibility of the land, nor the question as to whether it could have been divided without material impairment of its value are matters upon which the infant, or purchasers can rely to set aside the sale. She was not prejudiced, nor were the purchasers, by the sale, as the judgment compensates her for the value of her contingent right of dower in her husband's part of the land, and the commissioner, as directed by the judgment, took a separate bond from the purchasers of the sale payable to himself for the value of her dower, out of which she will be paid. The judgment conforms to section 495, Civil Code, as amended by the act of March 17, 1902, which provides that land in which a woman has a contingent right of dower, may with or without her consent, be sold under section 490, free from her right, by making her a party to the action and providing that she be reasonably compensated for such right of dower out of the proceeds of sale.

3. Order of Survey—An order of survey was not necessary to give the court jurisdiction to sell the land under section 490, Civil Code.

4. Husband of Infant—Desertion by Husband—Whether the husband of the infant defendant following the sale of the land, wrongfully deserted her and disposed of his part of the sale bonds, were matters that could not be considered on exceptions to the sale; if litigated at all, it must be in another and different action or proceeding.

RALPH GILBERT, P. J. BEARD and E. H. DAVIS for appellant.

WILLIS & TODD and BRADBURN & BASHAM for appellees.

· OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellees, Charles M. Finney, until recently a resident of Shelby county, and his sister, Lula B. Hendrick, a resident of Warren County, Kentucky, were the joint owners and in possession of 286 acres of land in Shelby County which they desired to sell. As the appellant, Elizabeth Finney, wife of Charles M. Finney, is an infant and had an inchoate or potential right of dower in her husband's part of the land, the latter and Mrs. Hendrick believed it necessary to obtain a decree for the sale of the land.

The joint owners uniting as plaintiffs brought a suit in equity in the Shelby Circuit Court for the sale of the land. The appellant, Elizabeth Finney, was made a defendant and a guardian ad litem appointed for her. She was duly served with summons and soon thereafter filed a verified answer confessing the allegations of the petition and joining in the prayer thereof for the sale of the land. Before a decree was entered the guardian ad litem filed a formal report and the clerk of the court made in vacation an order directing a survey of the land by T. B. Roberts, whose report of survey was filed. Following these steps a decree was rendered by the court whereby the land was ordered to be sold by the master commissioner on the premises at public outcry, after the usual advertisement, bonds to be taken payable, first, to the commissioner for a sum indicated by the judgment as sufficient to cover the costs of the action and the value of the inchoate right of dower of Elizabeth Finney in the land; second, to Charles M. Finney and Lulu B. Hendrick equally for the remaining proceeds of the land.

The land, after its advertisement and appraisement, was sold as directed by the decree to George Rucker and P. D. Crawford at the price of $13,000, that sum being $3,546 more than the value given it by the appraisers.

After the commissioner filed his report of sale, exceptions were filed thereto by appellant, Elizabeth Finney, her guardian ad litem, her father as statutory guardian, and Rucker and Crawford, the purchasers of the land. The circuit court heard proof upon the exceptions, overruled them and entered an order confirming the sale, which order directed the commissioner to make a deed to the purchasers of the land. Appellants excepted to the order and prayed and were granted an appeal.

The appellant, Elizabeth Finney's exceptions were: 1st, that no advertisement of the sale was made in a newspaper; second, that no proof was made as to the indivisibility of the land; third, that no order of survey was made by the court; fourth, that the land could have been divided without materially impairing its value.

Appellants, Rucker's and Crawford's exceptions were: First, that the land could have been divided without materially impairing its value and that the sale was not advertised in a newspaper; second, that the court made no order of survey; third, that they as purchasers

of the land could not by the deed ordered by the court get a good title to the land, or its possession, immediately following the sale, as was announced at the time of the sale they would do.

The exception as to the sufficiency of the advertisement of sale, is based on the failure of the judgment to order its advertisement in a newspaper, as directed by section 14a, Kentucky Statutes, which provides:

"That in addition to the notices now required by law to be posted, all public sales of any kind of property, when sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties to such execution, judgment or decree, be advertised in some newspaper published in the county of such sale."

In Hieatt, et al. v. Schmidt, 119 Ky., 612, we held that an infant party to an action for the sale of real estate of which such infant was part owner, could, with the chancellor's approval, consent through her statutory guardian to a sale of the land without newspaper advertisement. The judgment of sale in that case, as in this, recited that, by consent, advertisement thereof in a newspaper was dispensed with. In the opinion it is said:

"The language of the statute in question indicates that the Legislature had in contemplation the fact that cases might arise in which it would not be beneficial to the parties, whether infants or adults, to be put to the expense of newspaper advertisement, for which reason the provision allowing such advertisement, by consent of parties, to be dispensed with, was inserted in the statute. It could not, we think, have been contemplated by the Legislature, that an infant, may not, by agreement of his guardian and the sanction of a court of equity, avail himself of the provision of the statute in question when it would be beneficial to him to do so. Such a construction of the statute would deprive infants of equal protection under it and confine its beneficent operation to adults alone. Neither would this construction extend the benefits of that provision of the statute to all adults, for those of that class owning real estate in which an infant has a joint interest would be excluded from its operation because of that fact. Should adult parties to an action, like those in this case (both plaintiffs and defendants), be denied the right conferred by

statute to dispense with the newspaper advertisement because an infant happens to be a party to the action; and especially where the infant and her statutory guardian are plaintiffs, and the latter by, and with the approval of the chancellor, elects for the infant to join with the other parties in interest to dispense with the newspaper advertisement? We think not. Obviously, it must have been the opinion of the parties to this action, and of the chancellor as well, that the posting of the written or printed notices in conformity to the requirements of the judgment would afford sufficient advertisement of the property to be sold, and it does not appear from the record, that the sale was not attended by the usual number of people and bidders, or that the property sold for less than its fair market value. We are of opinion that the word 'parties' in the section, supra, includes infants as well as adults."

It is true that the guardian ad litem of the appellant, Elizabeth Finney, by affidavit filed in support of the exception stated that he "does not remember" that he consented to the waiver of the newspaper advertisement of the sale, but this negative statement will not be permitted to discredit the positive statement of waiver contained in the judgment. Furthermore, if the judgment compelling the sale of the land was itself valid, it is patent that the advertisement of the sale by printed notices posted as required by the judgment and statute, answered every purpose, as the land admittedly sold for its full value. We find, therefore, that the circuit court properly overruled the exception of the appellant, Elizabeth Finney, to the sufficiency of the advertisement of sale.

For an additional reason was the overruling of the exception on the same ground filed by appellants, Rucker and Crawford, purchasers of the land, proper. They were not interested in a fuller advertisement of the sale, which might have induced the attendance of a greater number of bidders and given greater competition than they encountered. In McKnight v. Jacob, 8 R., 176, it is said:

"A purchaser at a judicial sale, having received what he bought, has no right to complain that the manner of advertisement was defective, since increased competition by reason of a better advertisement, could not have benefited him." Wrightson v. Cline, 5 R., 57.

The complaints that no proof was made as to the indivisibility of the land, and that it could have been divided without materially impairing its value, presented by the 2d and 4th exceptions, respectively, of the appellant, Elizabeth Finney, are not in our opinion well taken.

The sale of the land in question was had under sections 490-495, Civil Code. Section 490 provides that a vested estate in real property jointly owned by two or more persons may be sold by a court of equity, though the plaintiff or defendant be a person of unsound mind or an infant, if, the share of each owner be worth less than $100, or if the property can not be divided without materially impairing its value or the value of the plaintiff's interest therein.

So, the question whether the land is divisible is not of itself the only determining factor in a sale under section 490. There might be a division without materially impairing the value of the land, and yet such division might result in the material impairment of the interest of one or more of the joint tenants therein, and it is alleged in the petition that a division of the land would materially impair the interest of each of the joint tenants. It is true that no proof as to the indivisibility, or whether a division would materially impair the value of the land or interests of the joint tenants therein, was taken, but it has been held, that if these questions can be determined by the court from the description and quantity of the land and interests of the joint tenants disclosed by the statement of facts contained in the petition and shown by the title papers filed therewith, the judgment of sale would not be reversed because of the court's failure to require proof as to these matters.

It may be conceded, however, for the purpose of this decision that the land in question was susceptible of division, and further, that the report of sale shows a sale of it by the commissioner in separate parcels, 44 acres to one purchaser and the remainder to the other, yet we are unable to see how any right of the appellant, Elizabeth Finney, could have been prejudiced by the judgment or sale, in view of the provision made by the judgment for compensating her for the value of her inchoate right of dower in her husband's part of the land. She was not a joint tenant of the land; her only interest

therein was a contingent or inchoate right of dower, in
Charles Finney's undivided half thereof.  If the land
had been divided by judgment of the court, or deeds of
partition between the joint tenants, she would have
taken no immediate vested interest in the land received
by her husband other than a contingent right of dower
therein, from which no actual benefit could result to
her, unless she survives her husband.

Although a sale and conveyance of the land could not
have been made by Charles M. Finney, so as to divest
his wife of her contingent right of dower therein, and
she could not, by reason of the disability imposed by her
infancy, have divested herself of it by uniting with him
in a deed for that purpose, she could be and was legally
divested of it by the judgment of the court and sale of
the land made in pursuance thereof.  As she was a party
defendant to the action and before the court by sum-
mons and answer consenting to the sale of the land, and
also represented by guardian ad litem of the court's ap-
pointment, it was within the jurisdiction of the court
and it had the power, to adjudge a sale of the land as
prayed by the joint owners, and also to divest the ap-
pellant, Elizabeth Finney, of her inchoate right of dower
in the land, by providing that she be compensated for
the sale out of the proceeds realized from the sale of
her husband's interest therein.  This was done by the
judgment which fixed the value of her dower according
to her expectancy under the life tables and directed the
commissioner to take a bond payable to himself for the
amount thereof.  The bond was taken as directed by
the judgment, and it is admitted that the amount
thereof, to which she was adjudged entitled, is the value
of her contingent right of dower in her husband's half
of the land.

Authority for thus divesting appellant, Elizabeth
Finney, of her dower in the land is conferred upon the
court by section 495, Civil Code, as amended by act of
March 14, 1902.  The section, supra, before the enact-
ment of the amendment, in providing for the sale of
land under section 490 in which the wife had a vested
or contingent right of dower, not only required her con-
sent to the sale, if she was of sound mind, but also that
such consent be obtained by a privy examination con-
ducted by the court; and further that compensation for
her dower be adjudged her out of the proceeds of the

land, or that she could have the same right in property purchased with the proceeds as she had in the property sold. As amended, however, by the act of March 17, 1902, section 495, sub-section 2, reads as follows:

"If a woman have a vested or contingent right to dower in land sought to be sold, under section 490, she shall be made a party to the action, brought to sell such land, and the court may, with or without her consent, order a sale of the land free from her right; and shall provide for reasonable compensation to her out of the proceeds of sale, or that she shall have the same right in property purchased with the proceeds as she had in the property sold."

It will be observed that the section as amended still requires the wife, whose vested or contingent right of dower is to be sold under section 490, to be made a party to the action and paid the value of her contingent right of dower out of the proceeds of the land, but does not require her consent to the sale, or that she be an adult.

In Reed v. Reed, 25 R., 2323, in construing this amendment, we said:

"The appellant, Ada C. Reed, was made a party defendant, too, because she answered the description, a woman with a contingent right of dower in lands sought to be sold under section 490. This language includes all women who have a dower right, vested or contingent, in such land, and without regard to the presence of their husbands in the suit. The purpose of the statute was to enable lands to be conveyed free from the claim of all the owners of the class described in the act."

In Wise v. Wolf, et al., 27 R., 610, it was held that although the wife of one of the joint owners of land sold under section 490 was not a party to the action, that fact would not authorize the setting aside of the sale, for the reason, as stated in the opinion, "That as the money was yet in court, her rights could be protected."

It is apparent that Mrs. Finney's second and fourth exceptions were properly overruled by the circuit court. This being our conclusion, it is hardly necessary to add that the exception of the purchasers based on the same grounds was properly overruled. The question whether the land could have been divided between the joint

owners, instead of being sold, was one in which the purchasers were not concerned. Instead of being prejudiced by its sale, in that way alone could they have secured the land free of Mrs. Finney's contingent right of dower.

In Shelby v. Harrison, 7 R., 818, we held that a purchaser at a decretal sale under section 490, Civil Code, has no right to complain that the land could have been divided without materially impairing its value.

Equally unavailing was the further exception of all the appellants to the report of sale, based upon the failure of the court to order a survey of the land before its sale. There is no provision in the Code or statutes of the State that requires a survey of the land to give the court jurisdiction to sell it under section 490, but section 671, Civil Code, empowers the clerk of the circuit court to order a survey in vacation upon the application of any party to an action, which order of survey, "shall have the same effect as if made by the court, if the party obtaining the order, give to his adversary notice that the order has been made and of the time when it is to be executed."

In this case such an order was made by the clerk and survey had. The Code does not seem to require the court to approve the order of survey; it does not appear, however, from the record whether the appellant, Elizabeth Finney, had notice of the survey; but this was not material as the survey was not required by law, nor was the report of survey excepted to in the court below by her or any other party to the action.

It follows from what we have said that the exception of the purchasers, Rucker and Crawford, to the sale based upon the ground that they did not acquire good title to the lands by their purchase and the deeds that were or will be made them, respectively, by the commissioner, was properly overruled. In other words, the title will be and is good, as there were no such defects or irregularities in the proceedings leading to the judgment and sale, as made either invalid.

No reason is apparent for sustaining the final complaint of the purchasers, contained in their third exception, that they were not given possession of the land immediately following the sale. In the nature of the case immediate possession could not have been given.

It was not made to appear that they were misled by any statement of the commissioner or other person at the time of the sale as to when they would get possession of the land, and they were bound to know that the sale had to be reported to and confirmed by the court and deeds executed to them by the commissioner, before they could get such possession, which, they further knew, would make it too late for them to pitch a crop for the year.

We refrain from entering upon a discussion of the matter of the appellee, Charles Finney's, alleged desertion of his wife and disposition of his interest in the sale bonds, set forth in the affidavits filed in support of her exceptions to the sale. This action did not involve any claim to divorce or alimony and the matter referred to must be litigated, if at all, in another and different action or proceeding.

For the reasons indicated the judgment is affirmed.