### Pollard, et al. v. Hamilton, et al.

(Decided February 12, 1918.)

### Appeal from Garrard Circuit Court.

1. Infants—Sale of Infants' Land—Practice.—In a proceeding to sell land for the purpose of division among the joint owners, some of whom are infants and made defendants, an appearance by the statutory guardian who filed an answer in their behalf is sufficient to bring the infants before the court; but, notwithstanding their being before the court, it is necessary to prove the required allegations in the petition to the effect that the land can not be divided without a sale, and this may not be waived by the guardian agreeing that such were the facts, or that the proof might be taken by affidavit.

2. Infants—Sale of Infants' Land.—Where the record discloses the quantity of land and the parts into which it must be divided so that each owner may get his proportionate part, and it should appear from these facts that it would be quite impossible to make the division in kind, the court is authorized to presume,

in the absence of proof, that the property can not be divided in kind and render a judgment ordering it to be sold and a division of the proceeds made, and this rule applies, although the defendants be infants, or laboring under other disabilities.

3. Infants—Sale of Infants' Land—Inadequacy of Price.—Since there is no appeal from the judgment confirming the sale, the question of inadequacy of price can not be considered.

CHARLES C. COX for appellants.

LEWIS L. WALKER, H. C. KAUFFMAN and J. I. HAMILTON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit was brought by appellee, J. I. Hamilton, against appellants, Clyde Pollard and Sallie Pollard, and their statutory guardian, they being infants, to procure the sale of a lot in the city of Lancaster, Kentucky, containing three and one-fourth acres, for purposes of division. The proceeding is one authorized by sub-section 2 of section 490 of the Civil Code of Practice, and in plaintiff's pleading the necessary and proper allegations concerning possession and the indivisibility of the land were made.

In the original petition it is alleged that plaintiff owned two-fifths undivided interest in the lot, and that defendants owned the remaining three-fifths interest. The land was originally owned by defendants' father, one George Pollard, who died intestate in 1906, leaving as his only heirs six children, the two defendants, two sons, Homer and Thomas Pollard, and two daughters, Gertie and Ida Pollard, the last two being dead, as alleged, and leaving their remaining brothers and sisters as their only heirs at law. The plaintiff acquired the interest of Tom Pollard after the death of Gertie Pollard, and he thereby acquired a one-fifth undivided interest in the property. But it appeared that at the time of the rendition of the judgment Ida Pollard was dead, her death occurring after plaintiff procured his deed from Homer Pollard, and the interest which the latter inherited from his sister Ida was not conveyed by that deed, and Homer appears to still be the owner of a one-twentieth undivided interest in the lot.

The defendants were non-residents, and a warning order was made and a non-resident attorney appointed who filed a report and was discharged. The statutory

guardian also filed answer stating that he knew of no defense that could be made to the relief sought by the petition and its amendments. It appears that the plaintiff and the statutory guardian agreed to dispense with the taking of proof by depositions to show the indivisibility of the property, and that affidavits might be substituted for depositions to prove that fact. Accordingly, an affidavit of a citizen living near the property was filed, stating that the property could not be divided in kind, and that it would be necessary to sell it in order to effect a division. The cause was then submitted, and a judgment decreeing the sale was rendered. The commissioner who was directed to do so carried out the sale and filed his report, but before it was confirmed the infant defendants in the name of their statutory guardian filed exceptions thereto upon the two grounds that (1) the judgment was erroneous because proof was not taken, as required in such cases, to show the indivisibility of the property, and (2) that the accepted bid was inadequate. These exceptions were overruled, from which order an appeal was prayed to this court, but in the statement required by section 739 of the Civil Code of Practice found in the record no appeal is prosecuted from the order overruling the exceptions to the sale and confirming it, but the appeal, as appears from such statement, is only from the judgment ordering the sale. So that the only question presented is whether under the facts disclosed the court erred in adjudging the sale without there being in the record proof by depositions showing the land to be indivisible.

It is insisted by appellants that they being infants, subsection 1 of section 126 of the code requires proof of the allegation of indivisibility, although it may not be traversed, and that since they were non-residents the same requirement as to proof of the allegations of the petition is demanded by subsection 3 of the same section. Answering this latter contention it is sufficient to say that the infants, although constructively summoned, were brought before the court by answer of their statutory guardian, as was held by this court in the cases of Shelby v. Harrison, 84 Ky. 149; Scott v. Graves, 153 Ky. 221; Ellis v. Smith, 147 Ky. 99; Larrabee v. Larrabee, 24 Ky. Law Reporter, 1423, and Moore v. Potter-Matlock Trust Co., 167 Ky. 201. If appellants' objection to the judgment of sale was founded upon no other error

than the failure to prove the allegations of the petition because of non-residency of the defendants, the cases referred to would seem to remove that objction. But, inasmuch as the appellants were infants, we are convinced that it was necessary to prove the allegations of the petition as required by subsection 1 of section 126, *supra*.

The correctness of this proposition is conceded by counsel for appellees, but he insists that it was competent for the statutory guardian to waive that requirement and to agree that the necessary proof might be taken by affidavit, and he having done so in this case, this ground of complaint urged against the judgment by the infant falls to the ground. We do not, however, find ourselves able to agree with counsel in this contention. The rule is firmly established in this jurisdiction that in suits for the sale of property for the purpose of division among the joint owners if the shares of each joint owner be of the value of more than $100.00, the indivisibility of the property must be shown if denied. This rule prevails where the parties are all adults and *sui juris*.

Subdivision 1 of the section of the Civil Code, *supra*, requires the allegations against infants to be traversed although no pleading be filed to that effect, and under the rule referred to it was necessary to prove by legal evidence that the property could not be divided in kind without impairing its value. To permit a guardian to waive this essential prerequisite to the rendition of the judgment would open the door for collusive action on the part of the guardian, resulting perhaps in irreparable injury to his ward. Under the well established rule that remedies for the sale of infants' real property is afforded only by statute, the provisions of which must be strictly pursued, we are unwilling to hold that the guardian might waive such an important matter to the infant. It is true that it has been held by this court that the statutory guardian with the consent of the court might waive the statutory requirement as to the advertising of the land for sale. Hiett v. Schmidt, 119 Ky. 612, and Finney v. Finney, 144 Ky. 114. But in such case the thing waived pertains to a matter subsequent to the rendition of the judgment, and not one looking to the authority of the court to order the sale, and is therefore not one of such paramount importance to the guarding of the interest

of the infant. Notwithstanding this, this court has held in the cases of Tichenor v. Rock, 140 Ky. 86; Friddle v. Kohn, 14 Ky. Law Rep. 312, and Scott v. Graves, *supra*, that where the record shows it to be practically impossible to divide the land in kind so as to give each joint owner his proportionate part, the court would presume that the division could not thus be made and would order a sale of the entire tract; i. e., in such cases it would be presumed that the land was indivisible, and no proof of such indivisibility would be required under those cir-. cumstances. In the cases referred to some of the joint owners were infants, but the presumption was allowed to prevail, notwithstanding that fact. In the present case, as it appeared when the judgment was rendered, one joint owner (Homer Pollard) held a one-twentieth interest. There were only three and one-fourth acres of the land, with a house of some description upon it, and we think we would be safe in concluding that from these facts it should be presumed that the property could not be divided in kind so as to allot to each owner his proportionate share. It is therefore manifest that this case is one where the presumption referred to might appropriately be applied, and it was therefore unnecessary to take proof of the fact which the presumption established.

The question concerning the inadequacy of price cannot be considered, since there is no appeal from the order confirming the sale.

It was manifested upon the trial of the exceptions that perhaps the respective interests of the joint owners was not accurately established by the judgment in the part of it dealing with the distribution of the proceeds. If the parties desire a readjustment of this matter upon a return of the cause, they should be permitted to do so by appropriate pleadings, and such further proceedings as may be necessary to that end.

Wherefore, the judgment is affirmed.