## Asher Coal Mining Company v. Howard's Administratrix, et al.

(Decided October 26, 1926.)

### Appeal from Bell Circuit Court.

1. Executors and Administrators.—Where decedent's realty was sufficient to pay not more than one-half his debts, infant children were in no position to complain of failure to show indivisibilty of land sold.

2. Executors and Administrators—Where Record Showed Indivisibility of Land, Sale Could Not be Successfully Challenged Because no Evidence of Indivisibility was Offered or Heard.—Where record showed that decedent's one-sixth interest in land was indivisible without seriously impairing value of whole and of each separate share, sale of infants' land could not be successfully challenged because no evidence of indivisibility was offered or heard.

MARTIN T. KELLY for appellant.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The facts of this case are set forth in the opinion delivered upon the first appeal, 215 Ky. 88. The lands involved were owned, one-sixth by Carter Howard and five-sixths by the Asher Coal Mining Company, as determined by the first appeal. The lower court directed a sale of the lands for the payment of the debts of Carter Howard, deceased, in the settlement of his estate, and adjudged that the 100 acres in which he owned one-sixth and the Asher Coal Mining Company owned five-sixths, was indivisible, being rough mountain land, good for coal and timber only, and ordered the entire tract sold and the proceeds divided according to their respective interests. Carter Howard left surviving him a widow and seven or eight infant children. He owed something like $8,000.00, while his entire property, according to the averments of the pleadings, was of a value of little more than one-half of that sum.

After the lands were sold and the master commissioner made his report of sale, the purchaser filed exceptions to the master's report on the ground that there was no depositions or other evidence taken or heard in the case, showing that the lands were indivisible, and that in a case where the lands of infants are involved it must be averred that the lands are indivisible and proof offered to support the averment if the sale is to be as a whole, otherwise the sale is invalid. The widow and heirs of Carter Howard filed response to the exceptions of the purchaser to the report of sale, averring in substance that at the time of the rendition of the judgment of sale it was stated in open court and admitted by the Asher Coal Mining Company, the purchaser at the sale and joint owner of the lands, as well as by the guardian *ad litem* of the infants and all persons concerned, that

the lands in question could not be divided among the several owners thereof without materially impairing the value thereof and without materially impairing the value of the several interests of the several owners thereof, and, further, that the children and heirs of Carter Howard were adjudged to own only one-sixth of the 100-acre tract of land in question and the Asher Coal Mining Company was adjudged to own the other five-sixths; that the Howard one-sixth must be divided between the widow, Mahala Howard, who owns a dower interest therein, and Jesse Howard, Anthony Howard, Laura Howard, Nora Howard, Ora Howard, Dennis Howard and Ollie Howard, and that to so divide it would reduce the shares to such small acreage as to materially impair the value thereof and to materially impair the value of each share thereof.    The guardian *ad litem* made a similar response to the exceptions.    The court overruled the exceptions and confimed the sale, and it is from that judgment that this appeal is prosecuted.

The estate of Carter Howard was hopelessly insolvent and a sale of all of his real property did not realize but little more, if any, than enough to pay one-half of the $8,000.00 owed by him at the time of his death.    There was, therefore, no possibility of there being a surplus arising from the sale, in which surplus the infants might participate.    For that reason they were not materially affected by the judgment and could not be heard to complain.    It was so held in the case of Pierce v. Marrs, 153 Ky. 748.    The whole record in this case makes it clear that the one-sixth interest in the 100-acre tract of land owned by the estate of Carter Howard was not susceptible of division into eight parts without seriously impairing the value of the whole and of each separate share.    Where this fact is manifest from the record, even though no proof be taken, the sale of the lands of infants may not be successfully challenged upon the ground that no evidence of indivisibility was offered or heard.    Pollard v. Hamilton, 179 Ky. 284.    Thus it appears that the exceptions to the report of sale of the master commissioner were not well taken; that the title of the infants in and to the one-sixth interest in the land described in the petition passed under and by the decretal sale to the purchaser, and the sale was properly confirmed.

Judgment affirmed.