## Bond v. Dean, et al.

(Decided March 23, 1928.)

### Appeal from Mercer Circuit Court.

1. Deeds.—The test as to the sufficiency of a description of land in a deed is whether the land can be located therefrom.
2. Partition.—Description of land, as given in petition for sale thereof and for a division of the proceeds, pursuant to Civil Code of Practice, sec. 490, subd. 2, describing land, in general, by metes and bounds, held sufficiently definite.
3. Infants.—In suit for sale of real estate and division of proceeds, under Civil Code of Practice, sec. 490, subd. 2, in which some of the defendants were infants, fact that no affidavit for appointment of guardian ad litem was filed, as required by section 38, held not reversible error, where it did not appear that the interests of the infants had been sacrificed by failure to file affidavit.
4. Infants.—In suit for sale of certain real estate and division of proceeds, pursuant to Civil Code of Practice, sec. 490, subd. 2, a possibly insufficient order appointing guardian ad litem for infants, which did not give names of infants for whom guardian was appointed, held cured by the more complete report filed by guardian ad litem and order of court ordering that it be filed, which report named such infants.

5. Depositions.—Under Civil Code of Practice, sec. 574, providing for taking of depositions, where all parties defendant are under disability, proof must be taken on interrogatories, as provided therein, even though not all of the defendants are under disability, if the deposition is to be read only against those under disability because of the other defendants' having confessed allegations of the petition and joined in prayer for relief.

6. Partition.—On appeal from judgment ordering sale of real estate and division of proceeds pursuant to petition under Civil Code of Practice, sec. 490, subsec. 2, fact that deposition of minor defendants was not taken on interrogatories pursuant to section 574 did not warrant setting aside the sale where record showed land was indivisible.

7. Trial.—In suit pursuant to Civil Code of Practice, sec. 490, subd. 2, for the sale of real estate and the division of proceeds, court's failure to postpone trial to term in which hearing would ordinarily have been had pursuant to section 367a-5 et seq. held not error, in view of section 126, where guardian ad litem for infant defendants made a statement to the court that he could produce no proof contrary to allegations of plaintiff's petition.

8. Trial.—If no issue is made or the parties do not desire to produce proof, a case may be submitted for judgment at a term which would otherwise, under Civil Code of Practice, sec. 367a-5 et seq., be premature.

C. E. RANKIN for appellant.

R. L. BLACK for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a suit brought under section 490, subd. 2, of the Civil Code, for a sale of certain real estate and a division of the proceeds. The appellant, one of the joint owners of the property, and one of the plaintiffs below, was the purchaser at the sale. She excepted to the sale, and, her exceptions having been overruled, she appeals.

She relies in this court on but four grounds in support of her exceptions: (1) Alleged insufficient description of the land: (2) insufficiency of the order appointing the guardian ad litem; (3) the failure of the plaintiffs below to take their depositions on interrogatories; and (4) a premature submission of the case. We shall consider these exceptions in their order.

The land is thus described in the petition:

"It is located in the county of Mercer on the waters of Kentucky river, and begins at the

mouth of Blake's branch and in the center thereof, and runs with the meanders of same centrally in a southeasterly direction to a stone opposite to a cold spring, thence more eastwardly to a stone on the bluff, thence north to honey locust on the bank of Kentucky river, thence encircled by the river to the beginning, containing 300 acres more or less. There is excepted from this boundary, and not sought to be sold herein, the tracts of land conveyed to Lizzie D. Dean, Daisy Dean, Thos. Dean, H. T. Dean, and Sallie Dean, as appears of record in the division of land book, in the office of the clerk of the Mercer county court.''

The test as to the sufficiency of a description of land is whether the land can be located therefrom. In Virginia Iron, Coal & Coke Co. v. Combs, 186 Ky. 261, 216 S. W. 846, the question as to the sufficiency of a description in a deed was presented. We there said:

"The authorities agree that great liberality is allowed in the matter of description, and that terms and phraseology of the description will be interpreted with the view of upholding the deed if this can reasonably be done. 8 R. C. L., sec. 126, p. 1071. In such cases, we apply the maxim, 'Id certum est, quod reddi certum potest.' The test in every case is whether the land can be located from the description. Bearing this rule in mind, let us examine the description, which is as follows:

" 'All the coals, metals, oils, gases, and mineral products lying, being upon and under our lands in the county of Perry, state of Kentucky, and described as follows, viz.: On the waters of Lot's creek and Carr's fork, adjoining the lands of Sam Napier and Clinton Combs, 212 acres being patented in my own name, etc., 300 bought from A. C. Combs, being 512 acres.'

"The tract in controversy is the 300 acres bought of A. C. Combs. The distinguishing features of the description are as follows: (1) 'Our lands in Perry county;' (2) 'on the waters of Lot's creek and Carr's fork;' (3) 'adjoining the lands of Sam Napier and Clinton Combs;' (4) '300 bought from A. C. Combs.' We find from the evidence that the land in controversy is in Perry county. It is located on Darb's fork, a tributary of Lot's creek. It ad-

joins the lands of Sam Napier. It was bought of A. C. Combs and contains by actual survey 283.81 acres. It is therefore clear that the description contains all the elements necessary to identify the land, and is therefore sufficient.''

To the same effect is Foster v. Roberts, 179 Ky. 752, 201 S. W. 334, and Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442. The description under discussion is certainly as definite as the description which was held sufficient in the Combs case, supra. The first exception, then, is without merit.

Coming to the second exception, we find no affidavit in this record, as required by section 38 of the Civil Code, for the appointment of a guardian ad litem. In the case of Downing v. Thompson's Ex'r, 92 S. W. 290, 28 Ky. Law Rep. 1182, we held that, while it is better practice to file the affidavit as required by that section of the Civil Code, the failure to do so is not a reversible error, unless it also appears that the interest of the infant has been sacrificed in the procedure. This same rule was followed in Tichenor v. Rock, 140 Ky. 86, 130 S. W. 989. It does not appear in this case that the interests of the infants have been sacrificed by the failure to file the required affidavit, and so such failure is not a reversible error. The order appointing the guardian ad litem reads: ''I. C. James is appointed guardian ad litem herein.'' Appellant contends that this order is so incomplete and indefinite as to be a nullity. However, this guardian ad litem in the report he filed said:

''I. C. James, guardian ad litem for the infant defendants, Roy Shuck, Thelma Crossfield, John T. Crossfield, F. M. Crossfield, Albert Crossfield, and Chas. Crossfield.''

These are all the infant defendants in this case. This report was filed by an order of the court. The order appointing the guardian ad litem, his report which stated the names of the infants for whom he was acting, and the order of the court filing that report, when all read together, clearly show that the guardian ad litem was appointed by the court for all the infant defendants, and that he represented them all and protected their interest. In Tyler v. Jewell, 11 S. W. 25, 10 Ky. Law Rep. 887, a guardian ad litem filed a report for all the infant defendants involved, those under 14 years of age as well as those over that age. The court ordered that report filed.

The opinion is not clear as to the appointment of the guardian ad litem, but it does say:

> "The action of the court in allowing such answer to be filed should be treated as a ratification of the previous appointment of the guardian ad litem as to those over 14 years of age."

And so in this case, whatever ambiguity there was in the order appointing the guardian ad litem was cleared up by the report which he filed and the order of the court ordering that report to be filed. The court would not have permitted a report to be filed for all the infant defendants had he not meant by the order appointing the guardian ad litem that he should represent all the infant defendants. We are therefore of the opinion that the second exception cannot be sustained. Cf. Tyler v. Jewell, supra.

As to her third exception, appellant contends that it was error for the plaintiffs below to take their depositions on notice instead of on interrogatories, as required by section 574 of the Civil Code. That section provides:

> "If all of the parties against whom a deposition is to be read have been constructively summoned and have not appeared, or be defendants and under disability, other than coverture or infancy and coverture combined, the deposition must be taken upon interrogatories (except in actions and proceedings for divorce and alimony and the custody of children when involved in such a suit)."

Appellant insists that, although some of the defendants below were adults, such adult defendants, by filing their answer which confessed the allegations of the petition and joined in its prayer for relief, and by being represented by the plaintiff's attorney, had in fact become parties plaintiff, although still nominally parties defendant, and that therefore the proof taken concerning the indivisibility of the land sought to be sold was in truth taken for the purpose of being read only against the infant defendants. If this be true, then the proof should have been taken on interrogatories, and a failure to do so was error. We regard this position of the appellants as sound. Luscher v. Julian, 173 Ky. 150, 190 S. W. 692. But we have frequently held that the failure to take any proof concerning the indivisibility of land is not rever-

sible error, where from the record it is perfectly plain
that the land is in fact indivisible. This is true, though
infants are involved. In the case of Pollard v. Hamilton,
179 Ky. 284, 200 S. W. 621, after holding that a guardian
ad litem could not waive the necessity of taking proof
where it was necessary to show the indivisibility of land
in a suit brought for its sale and division of its proceeds,
we said:

> "Notwithstanding this, this court has held in
> the cases of Tichenor v. Rock, 140 Ky. 86, 130 S. W.
> 989, Friddle v. Kohn, 14 Ky. Law Rep. 312, 20 S. W.
> 274; and Scott v. Graves (153 Ky. 221, 154 S. W.
> 1084) supra, that where the record shows it to be
> practically impossible to divide the land in kind so
> as to give each joint owner his proportionate part,
> the court would presume that the division could not
> thus be made and would order a sale of the entire
> tract; i. e., in such cases it would be presumed that
> the land was indivisible, and no proof of such indi-
> visibility would be required under those circumstan-
> ces. In the cases referred to some of the joint
> owners were infants, but the presumption was al-
> lowed to prevail, notwithstanding that fact. . . .
> It is therefore manifest that this case is one where
> the presumption referred to might appropriately be
> applied, and it was therefore unnecessary to take
> proof of the fact which the presumption estab-
> lished."

The land sought to be sold herein comprised
221 97/100 acres. There were eight adult heirs, each
owning a full one-ninth share in this land. There were
seven infant heirs who, grouped together, owned the re-
maining share. Each of these infant heirs owned one-
seventh of this one-ninth share, or a one-sixty-third in-
terest. It can fairly be presumed, nothing contrary ap-
pearing, that a farm of 221 acres cannot be divided into
sixty-thirds without impairing its value. Therefore, al-
though we disregard the proof taken by the plaintiffs
below, there is enough in the record to show that this
land was indivisible within the meaning of subsection 2,
section 490, of the Civil Code, and hence the failure to
take the proof as the Code requires does not warrant a
setting aside of this sale.

The fourth and last exception is based on the claim
that this case was prematurely submitted for judgment.

This suit was filed on August 26, 1927. The next term of the Mercer circuit court following the filing of this suit began on the first Monday in October. Under our Code, the defendants had until October 5th to file their answer. It is insisted that as to the infants, although no answer was filed for them, the law makes an issue for them (see Civil Code, sec. 126), which being true, this case under the Practice Act (Civil Code, sec. 367a5 et seq.) did not stand for trial at this October term of the court. The provisions in the Code with reference to the time when actions stand for trial are made in order that parties may prepare themselves on the issues and, in equity cases, produce their proof. If no issue is made, or the parties do not desire to produce proof, a case may be submitted for judgment at a term which would otherwise be premature. Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168. Here the guardian ad litem filed his report on October 12, in which he stated that he had made a careful examination of the case, and was unable to make a defense. In effect, this was a statement to the court that he could produce no proof contrary to the allegations of the plaintiff's petition. There was no need then to further postpone the trial of the action, and hence it was not error for the court to submit it for judgment and to decide it at that term.

As none of the exceptions of the appellant is meritorious, the judgment of the lower court is affirmed.