## Morrison v. Bartlett et al.
(Decided April 24, 1936.)

JESSE K. LEWIS and W. J. FIELDS for appellant.

H. R. WILHOIT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

In the month of April, 1917, Joe Bartlett, a resi-

dent of Carter county, died intestate, and the owner of a 40-acre tract of land on Star Branch in that county. He was survived by his widow, Mary Bartlett, six children, and one grandchild. On April 14, 1923, Ruth Terry, one of the children of Joe Bartlett, and her husband, Richard Terry, conveyed to F. B. Morrison their undivided interest in the land of which Joe Bartlett died seized. Dower had never been allotted to the widow, who is now 77 years of age, and no division of the land has ever been made.

Relying upon the foregoing facts, and filing with his petition a copy of the deed under which he holds, Frank Morrison brought this action against the widow and heirs of Joe Bartlett, and asked that dower be allotted to the widow, and that the land be divided among plaintiff and the other persons entitled thereto, and for all proper relief. A demurrer was sustained to the petition, and plaintiff having declined to plead further, the petition was dismissed. He appeals.

It is argued that the ruling of the trial court was proper on the ground that it will be presumed that 40 acres of land cannot be partitioned among seven persons after allotment of dower to a widow without materially impairing its value. In support of this position we are cited to the case of Tichenor v. Rock, 140 Ky. 86, 130 S. W. 989, where the court held that, as the whole tract of land contained only 90 acres, and appellant's interest was one-fourteenth, it would be presumed that his interest could not be set aside to him without materially impairing its value. It must not be overlooked that that was an action for the sale of a 90-acre tract of land and a division of the proceeds among the owners, and a sale of the land had been ordered, and the court was responding to the contention that there was no evidence of indivisibility, and was not dealing with the sufficiency of a petition in an action for partition under section 499, Civil Code of Practice. Under that section, a person desiring a division of land held jointly with others, or an allotment of dower, may file in the circuit court or county court of the county in which the land or the greater part thereof lies a petition containing a description of the land, a statement of the names of those having an interest in it, and the amount of such interest, with a prayer for the division or allot-

ment, and thereupon all persons interested in the property who have not united in the petition shall be summoned to answer on the first day of the next term of the court, and the written evidences of the title to the land, or copies thereof, if there be any, must be filed with the petition. In addition to other provisions as to the parties, the appointment of commissioners and the practice to be pursued, it is provided that a party summoned may by answer controvert the allegations of the petition or contest the rights claimed therein, and thereupon the case shall be tried and decided as an ordinary action, but without the intervention of a jury. Section 499, subsection 10, Civil Code of Practice. The petition in this case followed the Code in every particular. It alleged that plaintiff held the land jointly with others, described the land, gave the names of those having an interest in it, and the amount of such interest, and contained a prayer for allotment and division. In addition to this, there was filed with the petition the written evidence of plaintiff's title to the land, together with an affidavit showing that the other joint owners acquired title by descent from Joe Bartlett. Having done this, plaintiff did all that the law requires, and it was then incumbent upon the others interested in the property to show that the land could not be partitioned. It follows that the demurrer to the petition was improperly sustained.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.