## Underwood et al. v. Cunningham et al.

March 26, 1948.

Rodes K. Myers for appellants.

N. F. Harper for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 1, 1943, some of the children of Susan Landers filed this equity action in the Allen circuit court against her other living children whose parents were dead, seeking to sell for division a tract of land containing 56 acres "more or less" (as described in the petition), since as alleged it could not be divided in kind without materially damaging the value of each joint owner's share.

The husband of Mrs. Landers died some two years prior to her death, and she died before the filing of this action, but the date is not given. It is, however, alleged that some of her heirs as joint owners thereof occupied the tract from and after her death. There were also some infant heirs whose parents were dead who resided at the time of the filing of the action with other adult ones, the latter of whom were served for the infants. Among the nonresident heirs were Murl Landers and Earl Landers who resided when the action was filed in Indianapolis, Indiana, and a warning order was obtained for them. The warning order attorney filed a report stating that no street address was given in the affidavit for the warning order, but that he had written letters addressed to each of them at Indianapolis, Indiana, with a return address on the envelope, and that he never received any reply, nor were his letters returned. He also stated that he had been informed that such nonresidents had received actual notice of the pendency of the action. During its pendency the resident heirs who were summoned, asserted a claim against Mrs. Susan

Landers for $148.50 paid by them to some of her small creditors and for taxes. In their pleading they asserted that she left no personal estate and that they should be remunerated out of the proceeds of the sale of the land. They exhibited written evidence of such claims. Also it was properly manifested that there was a mortgage on the tract of land in favor of the Federal Land Bank of Louisville with a balance due thereon of $121.41; also a debt of Mrs. Landers due to the Wrought Iron Range Co. of St. Louis amounting to $143.

The court without any proof taken, except the writings substantiating such indebtedness, ordered a sale of the property by the Master Commissioner which was done and at the sale made on September 13, 1943, J. P. Pearson became the purchaser at the price of $1,350, the land having been appraised at $1,200. The sale was reported and confirmed without exceptions, followed by judgment of distribution directing that all costs and the above debts be first paid and the net proceeds divided into eleven equal portions, each living child getting a 1/11th thereof, the portion of the deceased children of Mrs. Landers to receive their parent's or grandparents' share per stirpes. That order was made on December 13, 1943, and distribution was made in accordance therewith, except as to Earl and Murl Landers, the two nonresident heirs who resided in Indianapolis.

At the subsequent term of the court and on February 27, 1945, those two nonresident heirs filed a motion in the cause asking the court to set aside the judgment, the order of sale, the report of sale and to require all persons "receiving money from the proceeds of said sale to pay same back to the Master Commissioner of the court, and to refund the money to the purchaser of the property * * * for the reason that said judgment is wholly void, for the following reasons."

The reasons assigned were: (1) That the defendants, Earl and Murl Landers, were not brought before the court by either actual or constructive service; (2) that no bond was executed as required by section 410 of our Civil Code of Practice; (3) that no proof was heard showing the property to be indivisible and (4) that no guardian ad litem "for service was appointed for the two infant defendants." The court overruled

the motion followed by the movants prosecuting this appeal.

To begin with the defendants, and movants, who prosecute this appeal do not show themselves entitled to a new trial of the cause, since they neither gave nor offered to give a bond for costs as is prescribed in the above code section, nor did they show themselves entitled to a new trial, since they presented no defense to the judgment of the court ordering the sale, nor any unauthorized action of the commissioner in making it. Neither did they plead any fact showing that prejudice to their rights would accrue from the judgment as rendered. Before a nonresident defendant constructively summoned is entitled to the relief prescribed by section 414 (formerly section 445) of our Civil Code of Practice he should at the time he seeks a new trial—as so prescribed by that section—tender a bond for costs and *present a defense*, which this court expressly so declared in the case of Williams v. Taylor, 11 Bush 375, wherein the opinion, written by Judge Cofer, said:

"A defendant seeking the benefits of this provision should appear and move to have the action retried and give bond for costs, and then present a defense to the action, and it is only after doing this that he will be entitled to a retrial, and it is only after his defense is sustained in whole or in part that the court has power to set aside or modify the judgment. The language of the statute is that he shall be admitted to make defense, *and thereupon* the action shall be retried, and *upon the new trial* the court may confirm, modify, or set aside the former judgment."

If, however, such required practice had been followed by movants below it would still remain that ground (1) relied on for their motion does not authorize the relief they sought. Therefore it is unavailable.

Ground (2) in their motion in the court below is likewise unavailable because this court held in the case of Hogue v. Yeager, 107 Ky. 582, 54 S. W. 961, 963, in an action to sell property for division that:

"Section 410 of the Civil Code of Practice requires the execution of a refunding bond before judgment against a defendant constructively summoned, and who

has not appeared, does not apply to a proceeding of this kind for a sale of joint property.''

The same reason for the application of that rule of practice should apply where the action for sale *and* division becomes one partially for the settlement of the estate, when debts are presented for payment out of the proceeds of this sale.

Ground (3) alleging that no proof was taken showing the indivisibility of the land so ordered to be sold, is likewise unavailable, since the record itself shows that the land could not be divided into eleven parcels with some of them subdivided into smaller parcels and that it would be necessary to sell the entire tract and divide the proceeds. We have held in a number of cases that no proof of indivisibility is necessary when the record itself shows on its face that the property is indivisible in kind. One case so holding is Bond v. Dean, 223 Ky. 713, 4 S. W. 2d 721.

The last ground—that the two infants were not properly served—is not sustained by the record, since service was had on the person who had them in custody at the time, and which is expressly authorized by section 52 of the Civil Code of Practice. Moreover, the infants are not complaining of the judgment, and neither of the movants in the court below, Earl and Murl Landers, show any authority to represent them in seeking to have the judgment set aside and a new trial granted. Under the express provisions of section 391 of the Civil Code of Practice a judgment set aside by an infant within 12 months after he attains the age of 21 years will not affect the title of a bona fide purchaser of the property under the judgment sought to be vacated, and the same is true, as is prescribed by section 417 of the Civil Code of Practice as against a nonresident constructively summoned, who seeks relief under section 414 of the same Code. Therefore the purchaser, Pearson, in this case —there being nothing to show that he was other than a bona fide purchaser—would still retain the title to the property should the movants succeed in having the judgment set aside. In the face of the foregoing facts, and the interpretations of the applicable Code sections, it is apparent that the Court committed no error in overruling the motion to set aside the judgment, even if the

movants for that purpose had complied with the provisions of section 414 of the Code, but which we have seen they did not do.

Wherefore, the judgment is affirmed.