[redacted]

**ANTON et al. v. GILLIAM et al.**

**No. 508.**

United States District Court
W. D. Kentucky, Owensboro Division.

Aug. 11, 1953.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Thomas E. Sandige, Owensboro, Ky., for plaintiffs.

Robert T. Sweeney, of the firm of Thacker & Sweeney, Owensboro, Ky., Frederick P. Bamberger and William P. Foreman, of the firm of Ortmeyer, Bamberger, Ortmeyer & Foreman, Evansville, Ind., for the defendants, Gilliam, Egan and Redwine.

Humphreys & Jones, Owensboro, Ky., for the defendants, Charles Morburger, Pauline Morburger, Lynn Park, C. J. Anton, Joseph Slavin, R. F. Dooley and A. C. Owens.

Byron, Sandige & Holbrook, Owensboro, Ky., for defendant, Sohio Petroleum Co.

SWINFORD, District Judge.

On March 15, 1946, Beverly Gregory and Lucille Gregory executed an oil and gas lease on their one hundred forty and three-quarters (140¾) acre farm in Daviess County, Kentucky, to the Sohio Petroleum Company. By mesne assignments the defendants, J. H. Gilliam, Thomas M. Egan and Nash Redwine, became the owners of all the working interest created by the lease, subject only to a small overriding royalty retained by the Sohio Petroleum Company.

On September 18, 1950, the lessors, Beverly Gregory and Lucille Gregory, filed an action in the Daviess Circuit Court in which they sought to cancel the lease of March 15, 1946, except as to a ten acre tract surrounding the one producing well which had been drilled on the property. The defendants to this action were the Sohio Petroleum Company, J. H. Gilliam, Thomas M. Egan and Nash Redwine. The Sohio Petroleum Company was personally served with process. The other three defendants, all of whom were non-residents, were summoned by warning order attorney. At the time the case was submitted for judgment there were no defensive pleadings in the record. The Sohio Petroleum Company had withdrawn a general demurrer and answer which it had filed. The three other defendants had in no way entered their appearance.

On February 7, 1951, the circuit court entered a default judgment canceling the lease of March 15, 1946, except as to the ten acre tract.

On February 15, 1951, the Gregorys executed a lease upon the property, wherein the former lease had been canceled, to the plaintiff, John P. Anton. Various interests in the lease have been executed to the other defendants by John P. Anton. It is through the lease of February 15, 1951, that all defendants, who are asserting claims, seek to establish their rights to an interest in the property.

At the April 1951 term of the Daviess Circuit Court the defendants, Gilliam, Egan and Redwine, filed their written mo-

tion to set aside the default judgment taken against them as of February 7, 1951, wherein the lease of March 15, 1946, had been canceled. They sought to invoke Section 414 of the Kentucky Civil Code of Practice. They asked for a retrial of the case and entered an answer to the petition. The motion was sustained and they were granted a trial of the case on its merits. A trial was had at the June 1951 term of the court and at its conclusion the court entered a judgment for Gilliam, Egan and Redwine, wherein it provided that the default judgment of February 7, 1951, which had canceled their lease on the Gregory property, should be set aside, canceled and held for nought.

Beverly Gregory and Lucille Gregory appealed from this judgment of the Daviess Circuit Court to the Kentucky Court of Appeals and on May 22, 1953, the Kentucky Court of Appeals rendered a decision in the case affirming the lower court. The style of the case in the Kentucky Court of Appeals is Gregory v. Sohio Petroleum Company, 261 S.W.2d 623. The record before me discloses that the appellants, the Gregorys, have filed a petition for rehearing and the case is now pending in the Kentucky Court of Appeals on that motion. A copy of the opinion of the Kentucky Court of Appeals is filed with the defendants' brief.

The plaintiffs in the case at bar contend that while Section 414 of the Kentucky Civil Code of Practice might properly be invoked against the Gregorys that these plaintiffs and certain of the defendants were purchasers in good faith of the lease of February 15, 1951 and that Section 417 of the Kentucky Civil Code of Practice protects them in claiming title to the property involved. This whole case, in my judgment, must turn upon a proper construction of Section 417 of the Code. I quote the section in full as follows:

"Title of property; how affected by new trial. The title of purchasers in good faith to any property sold under an attachment or judgment shall not be affected by the new trial permitted by section 414, except the title of prop-

erty obtained by the plaintiff and not bought of him in good faith by others."

██ This case has been extensively, and I believe, exhaustively briefed. Apparently every case that is at all pertinent has been cited by counsel for the respective sides. In the present state of the record, however, the issue is narrow. This court is bound by the decisions of the courts of Kentucky. Not only is this true by reason of the Supreme Court decision in the case of Erie Railroad Company v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, but federal courts were always bound to follow the state court decisions on construction of state statutes. Supreme Lodge, Knights of Pythias v. Meyer, 265 U.S. 30, 44 S.Ct. 432, 68 L.Ed. 885; Lockard v. Asher Lumber Co. 6 Cir., 131 F. 689.

Counsel for the plaintiffs argues with great force and persuasiveness that the statute shall apply to all bona fide purchasers for value and that the purchaser referred to is not limited to those who make the purchase at a decretal sale. The Kentucky Court of Appeals had this question squarely before it and ruled on it in the following language:

"Appellants next contend that because they executed a new lease on the property to John P. Anton prior to the time any steps were taken under section 414 of the Civil Code of Practice to set aside the default judgment, his title to the new lease was unaffected by the new trial because he was a bona fide purchaser of the new lease, and invoke the aid of section 417 of the Civil Code of Practice which reads as follows:

" 'The title of purchasers in good faith to any property sold under an attachment or judgment shall not be affected by the new trial permitted by section 414, except the title of property obtained by the plaintiff and not bought of him in good faith by others.'

"Appellants rely upon Kellar v. Stanley, 86 Ky. 240, 5 S.W. 477, and Underwood v. Cunningham, 307 Ky. 109, 209 S.W.2d 853, to support their conten-

tion, but both these cases involved actual decretal sales. It may be noted that section 417 limits its application to purchasers of property sold under an attachment or judgment. We are of opinion this section applies only to juridical sales, and, no such sale was had here."

I must therefore conclude in the light of the decision on all points in the state court case of Gregory v. Sohio Petroleum Company, that the plaintiffs' petition should be dismissed; that the defendants, Gilliam, Egan and Redwine, are entitled to the quiet and peaceful possession of the property in suit; and that the defendants should have judgment for their costs herein expended.

All matters pertaining to the right of the plaintiffs or their successors in title to claim reimbursement for expenditures for developing and operating the producing oil wells on the property are reserved for further consideration. I do not feel that the case so far has been developed to give the court sufficient proof on which to make a ruling on that question.

By direction of the court the parties submitted special findings of fact and conclusions of law. I have carefully examined the findings of fact and conclusions of law submitted by the defendants, Gilliam, Egan and Redwine, and believe that the findings of fact properly set forth the facts reflected in this memorandum. The conclusions of law submitted by these defendants are partly correct and partly incorrect. I have prepared and entered conclusions of law.

It has been suggested by the attorney for the plaintiffs that since the case before the Kentucky Court of Appeals is now pending on a petition for rehearing that this court might desire to withhold any final ruling until that petition is passed upon and the orders of the Kentucky court become final. There is merit in this suggestion but I do not feel that this court should delay its decision indefinitely and since no time is fixed I must conclude that in all fairness to the parties my decision should be announced on the law as is presently stands.